## THE STATE OF MISSOURI ex rel. WILLIAM B. HINDE, Defendant in Error, v. UNITED STATES FIDELITY & GUARANTY COMPANY, Plaintiff in Error.

### Kansas City Court of Appeals, February 1, 1909.

1. **ATTACHMENT: Exemption: Partnership.** In this State there is no right of exemption in partnership property; and in an attachment against a partner for his individual debt his interest in a partnership is not exempt under the statute and a writ of attachment may be levied thereon.

2. —————: **Suit on Bond: Exemption: Pleading: Judgment.** An action on an attachment bond cannot be stretched to protect the fruits of the cause of action against the attempts of the plaintiff's creditors, and there is no place in pleading for a claim of exemption from execution except where the cause of action or defense arises out of the exemption statute, since exemption is a personal privilege that can not be exercised until the officer goes to sieze the property under a writ of execution or attachment; and a judgment attempting to establish a right of exemption is error.

3. —————: —————: **Offset: Ex Delicto: Ex Contractu.** Offset is a creature of the statute and a demand *ex contractu* may not be setoff against one *ex delicto;* but in a suit on an attachment bond, which in this State is an action *ex contractu,* the judgment obtained in the action in which the bond was given may be pleaded as an offset to the action since the two actions are different parts of one piece of litigation.

4. —————: —————: —————: **Attorneys' Lien: Surplus.** In a proper case an attorney's lien for his fee is superior to defendant's right of setoff of a demand wholly unrelated to the matter out of which sprung his client's cause of action; but in a suit on an attachment bond the attorney's lien can not defeat the defendant's right to offset the judgment obtained in the action in which the bond was originally given against the cause of action pleaded and his lien can only attach to the surplus remaining if any there be.

Error to Holt Circuit Court.—*Hon. William C. Ellison,* Judge.

REVERSED AND REMANDED.

*Ringolsky & White* and *T. C. Dungan* for plaintiff in error.

The court erred in finding by its judgment that the defendants were indebted to the plaintiff on account of the breach of the conditions of the attachment bond and that the plaintiff was indebted to the defendants on account of a judgment previously obtained and in not offsetting the one against the other and in allowing plaintiff as his exemptions $300 out of the amount found to be due him from the defendants. Caldwell v. Ryan (Mo.), 108 S. W. 535; Garrett v. Wagoner, 125 Mo. 450; R. S. 1899, secs. 4487, 4493, 4494.

*Charles F. Booher, R. B. Bridgeman* and *Ivan Blair* for defendant in error.

(1) We do not think the authorities cited support the point made by plaintiff in error. It is admitted that defendant in error is insolvent and owns no property except his rights in the cause of action in this suit and that he is the head of a family. And the evidence clearly shows that he agreed to pay his attorneys their fee out of any damages that might be recovered on the attachment bond. (2) Attorneys for defendant in error contend that they have a lien on this cause of action for their attorney fees and that at the commencement of this suit, and for a long time thereafter, the judgment of Fleisher Brothers v. Hinde was still owned by Fleisher Brothers, and that the pretended assignment of said judgment to plaintiff in error herein by which they seek to defeat the attorneys of their fee was without any consideration whatever. Laws 1901, page 46;

135 App—11

Ann. Stat. 1906, sec. 4937 (1), 4937 (2) ; Curtis v. Railway, 118 Mo. App. 341; Wait v. Railroad, 204 Mo. 501; Caldwell v. Ryan, 108 S. W. 541.

JOHNSON, J.—Action on an attachment bond to recover damages sustained by plaintiff in consequence of the wrongful levy of a writ of attachment on his property. The cause is before us on writ of error sued out by the defendant, the surety on the bond.

In 1904, plaintiff, W. B. Hinde, a retail clothing merchant in Holt county, purchased a bill of clothing amounting to $833.30, of Fleisher Brothers, an eastern wholesale concern. Afterward, he discontinued the clothing business and in partnership with B. B. Simmons, began the operation of a drugstore. He did not pay the Fleisher Brothers' account and in August, 1905, that firm brought suit on the account in the circuit court of Holt county and caused a writ of attachment to be issued in aid of the action and levied on the stock of drugs. On account of this levy, a receiver of the stock was appointed in a suit brought by Simmons to wind up the affairs of the partnership, the stock was sold, the proceeds were exhausted in paying the debts of the partnership and the expenses of the suit, and the partnership was dissolved. A plea in abatement was filed by Hinde in the attachment suit, a trial of the plea resulted in a judgment for Hinde, an appeal to this court was prosecuted by Fleisher Brothers, and we affirmed the judgment (122 Mo. App. 218). A trial of the suit on the merits resulted in a judgment for Fleisher Brothers in the sum of $855, and this judgment remains wholly unsatisfied, Hinde, the judgment debtor, being insolvent.

After the final disposition of the plea in abatement and of the suit on the merits, Hinde brought the present action on the attachment bond. He alleges he was damaged in the sum of $3,000 by the wrongful levy which resulted in the sacrifice of the partnership prop-

erty and the destruction of a profitable business and in the further amount of $600 on account of expenses, including attorney's fees, incurred in his defense of the issues raised by the attachment affidavit and the plea in abatement. The prayer of the petition is for the recovery of $1,700, the penalty of the bond.

Among other defenses, it is alleged in the answer of the defendant surety that the judgment obtained by Fleisher Brothers against the plaintiff is unsatisfied and has been assigned and transferred to defendant who interposes it as "an equitable set-off and counterclaim to any claim of relator herein." In the reply, plaintiff alleges that he is the head of a family, is a resident of this State, is insolvent, and that he owns no property "except his damages sued for in this action." He "elects to take and hold as his exemptions under section 3162, Revised Statutes 1899, his cause of action as set forth in the petition in this case to the amount of $300." Further, he alleges that he agreed to pay his attorneys $600 for their services in conducting this suit and that the attorneys have a lien on the cause of action for their fees, superior to any right of set-off or counterclaim defendant may possess. A jury was waived and in the judgment entered the court found and adjudged that plaintiff was damaged by the wrongful levy of the writ of attachment in the sum of $500; that he was entitled to claim as exempt $300 of the judgment, and that defendant was entitled to offset the Fleisher judgment against the remaining $200.

We do not understand plaintiff to contend that the levy of the writ of attachment at the suit of his individual creditor, on property in which his interest was that of a partner, constituted an invasion of any exemption right possessed by him, and if such contention were made, we would not entertain it. In this State, the rule is that no right of exemption is recognized in partnership property. [State ex rel. Billingsley v. Spencer, 64 Mo. 355; Weinrich v. Koelling, 21 Mo. App.

133.] The decisions we have consulted are in cases where the action related to a demand of a partnership creditor, but the reasons for the rule given by the Supreme Court in State ex rel. v. Spencer, supra, apply as strongly to an action of an individual creditor of a partner as to that of a firm creditor and, therefore, compel the employment of the rule in the present case under the principle expressed in the saying, "the reason of the law is the soul of the law." Since the cause of action asserted by plaintiff does not embrace an assault made by his creditor on his exemption rights, the fact that he might be entitled to claim exemptions out of the proceeds of the cause did not give him the right to have his exemptions adjudged in this action. The legitimate scope of the issues comprehended in the action was confined to the tort of which he complains and the nature and extent of the remedy the law afforded him. It cannot be stretched to include the protection of the fruits of the cause against the attempts of his creditor to seize them, whether such creditor be a party or a stranger to the suit. As was said by the Supreme Court in Caldwell v. Ryan, 108 S. W. 533: "There is no place in the pleadings for the claim of exemption from execution, except, of course, where the cause of action or defense arises out of the exemption statute, as, for example, where the plaintiff's exempt property has been wrongfully seized, or where the attempt is to take from a defendant property which the statute of exemption allows him to hold. But, where the plaintiff's cause of action is not based on an infringement of rights under the exemption statute, a plea that the judgment sought to be recovered should, when recovered, be adjudged as exempt from execution, has no place in the office of pleading."

Exemption is a personal privilege that cannot be exercised until the officer comes to seize the property under a writ of execution or attachment. [Garrett v. Wagner, 125 Mo. 450.] We must hold that the trial

court committed error in attempting to adjudicate and establish a right of exemption to a part of the judgment and we turn now to the question of whether the Fleisher judgment should be allowed as a set-off to plaintiff's demand.

The right of set-off does not come from the common law, but is a creature of statute and it is held in Caldwell v. Ryan, supra, that the statutes dealing with the subject (section 4487, et seq., Revised Statutes 1899), do not give a defendant the right to set off a demand *ex contractu* against one *ex delicto*. This ruling would compel us to hold that defendant could not utilize the Fleisher judgment as a legal set-off against plaintiff's demand should we find that such demand is founded in tort. In the Caldwell case, the plaintiff sued to recover damages for the conversion of personal property, an action clearly *ex delicto,* and the defendant endeavored to set off a judgment he held against the plaintiff, a demand *ex contractu.* The debt evidenced by the judgment was not related in any way to the subject matter from which the plaintiff's cause of action arose, but belonged to an entirely different transaction. (See statement of facts in the opinion of this court in Caldwell v. Ryan, 79 S. W. 743). In the case in hand, the Fleisher judgment and plaintiff's cause of action on the attachment bond relate to the same subject matter and are but different parts of one piece of litigation. Perhaps this difference between the present case and the Caldwell case would not in itself be sufficient to justify us in declining to apply the rule declared by the Supreme Court without exception or qualification, that one of two demands, one *ex contractu* and the other *ex delicto* cannot be set off against the other, though they belong to the same transaction, but certainly these differentiating facts, coupled with the further fact that plaintiff's demand in the present case is founded on contract, not tort, justify us in saying that as the two demands belong to the same class, as well as to the

same subject-matter, the Fleisher judgment, under the statute, is a legal set-off to plaintiff's demand. The rule may be considered as settled in this State that an action for damages on an attachment bond, though it requires the commission of a tort to constitue a breach of the contract, nevertheless is an action *ex contractu,* not *ex delicto.*

But, it is insisted by plaintiff that since his attorneys are entitled to a lien on his cause of action for their services, such lien alone should be pronounced superior to defendant's right of set-off. A number of reasons for declining to sanction this contention present themselves, but we place our ruling on the ground that if the subject of the lien were properly before us, we think defendant's right of set-off superior to the lien. The Attorneys' Lien Statutes (Laws 1901, p. 46) give an attorney the right to a lien on his client's cause of action which, when properly presented, should be held superior to the defendant's right to set off a demand wholly unrelated to the matter out of which sprung his client's cause. But in cases such as the present, where the cause and the set-off are related to the same matters, the lien attaches only to the surplus that may be adjudged the plaintiff after a balance is struck. If a person should be indebted to another on contract and afterwards should sustain a personal injury from the negligence of the other, it would be unjust to allow the lien of the attorney employed by him to recover his damages to be whittled down by an offset that had nothing to do with the matter of the injury. On the other hand, if two persons were mutually indebted on a running account and one sued the other, it would be equally as unjust to say that the lien of the plaintiff's attorney should attach to the whole of his demand, regardless of the defendant's legal set-off. Such holding, in effect, would deprive the defendant of his defense. This subject is very ably discussed by the Supreme Court of Tennessee in Roberts v. Mitchell, 29

S. W. 5, where the correct rule thus is stated in a quotation from Dunkin v. Vandenberg, 1 Paige 624:

"Where different claims arise in the course of the same suit, or in relation to the same matter, it is undoubtedly equitable and just that these equities should be arranged between the parties, without reference to the solicitor or attorney's lien. His lien is only on the clear balance due to his client after all these equities are settled. But where other claims, arising out of different transactions, and which could not have been legal or equitable set-off in that suit, exist between the parties, the court ought not to divest the lien of the attorney or solicitor, which has already attached on the amount recovered, for the costs of that particular litigation. When the solicitor has been at the labor and expense of prosecuting a suit, it is equitable and just that his costs should be paid out of that litigation."

As the amount of the Fleisher judgment exceeds the amount of plaintiff's demand assessed by the court on the attachment bond, the attorneys of plaintiff have no lien that should be allowed to defeat or impair the set-off.

The judgment is reversed and the cause remanded. All concur.