STATE ex rel. W. E. MYERS, Appellant, v. R. B. MATHIESON, et al., Respondents.

Springfield Court of Appeals. May 3, 1921.

1. **ATTACHMENT BOND..** Where attachment bond has been breached, plaintiff is entitled to a directed verdict, but the amount would still be a question for the jury.

2. **RECOVERY.** If a party fails to give evidence to show what he is entitled to recover and leaves the jury to speculate and guess

and the jury, rather than speculate and guess, find that the party is not entitled to recover any thing, such party has no ground for complaint.

3. **NOMINAL DAMAGES.** A judgment for nominal damages will carry the costs.

4. **SUIT ON ATTACHMENT BOND.** In any suit on an attachment bond, any obligor may avail himself or any set-off or counterclaim, which he may have against the party to whose use the suit is brought.

5. **SUIT ON ATTACHMENT BOND.** A suit on an attachment bond is an action on contract.

6. **PEREMPTORY INSTRUCTION.** Where the court gives a peremptory instruction to find for the plaintiff in a suit on an attachment bond, the jury is not compelled to find more than nominal damages.

7. **ELIMINATED DEFENSE.** A defense may be eliminated by an instruction.

Appeal from Lawrence Circuit Court.—*Hon. Chas. L. Henson,* Judge.

AFFIRMED.

*M. R. Lively* for appellant.

(1) One whose legal right has been violated is entitled to recover at least nominal damages though no actual damages are shown. King v. City of St. Louis, 250 Mo. 501; Rourke v. Holmes Ry. Co., 181 S. W. 77; Tracy v. Buchanan, 167 Mo. App. 432; Lambert v. Judge & Dolph Drug Co., 119 Mo. App. 693. (2) The evidence establishes a breach of bond and a legal right violated and actual damages, but the jury refused to follow the law or evidence, and denied relator a verdict on his cause of action. The court should have directed a verdict for relator. Missouri Real Estate Syndicate v. Sims, 121 Mo. App. 166; Tracy v. Buchanan, 167 Mo. App. 432; The State ex rel. v. McHale, 16 Mo. App. 480-481. (3) The defect may be taken advantage of by

objection to introduction of evidence as in case at bar. Labodie v. Maguire, 6 Mo. App. 573; Dawson v. Quillian, 61 Mo. App. 672; Lambert et al. v. Hagedorn, 196 S. W. 85. (4) Plaintiff made timely objection, A. of R., pages 29-40. The account must be stated with sufficient definiteness to preclude a subsequent action thereon, and by motion to strike out part of answer. Nelson Mfg. Company v. Mitchell, 38 Mo. App. 321. (5) If any pleading is founded on any instrument of writing charged to have been executed by the other party, etc., and not lost or destroyed, the same or a copy thereof verified, shall be filed with the petition, etc. Section 1270, R. S. 1919; Gene v. Hanszen, 85 Mo. App. 136. (6) Party cannot plead one cause of action and recover on another. Reed v. Batt, 100 Mo. 62; Chamber v. Planters Hotel Co., 155 Mo. App. 144.

*Moore, Barrett & Moore* for respondents.

(1) At the outset, this court as well as was the trial court, confronted with a petition that fails to state a cause of action, no where alleging non-payment of the damages sustained by the attachment. State ex rel. v. Reynolds, 137 Mo. App. 261. (2) To maintain this action, appellant was bound to assert and prove his absolute ownership of the poles, and his damages by reason of their wrongful attachment. State ex rel. v. Lichtman, 184 Mo. App. 225. (3) A debtor's consent to an attachment is not only a complete defense to an action for wrongful attachment, but is binding upon a firm where one member councils and advises same, and bars recovery. 6, C. J., page 511, par. 1220; Barker v. Abbott, 21 S. W. 72; Thames v. Schloss, 120 Ala. 470, 24 So. 835. (4) An action on bonds in attachment are *ex contractu* and not *ex delicto*. Therefore the indebtedness of appellant to respondent Mathison, could be pleaded by Mathison as a set-off or counterclaim in this action. State ex rel. v. Fidelity & Guar. Co., 135 Mo. App.

160, 165-66. (5)´ And the doctrine of counterclaim under the statutes if the same rises out of the same transaction or connected with the subject of the action, it matters not that one be legal, the other equitable, one be *ex contractu* the other *ex delicto*. Finney v. Raudabaugh, 182 Mo. App. 246. (6) The counterclaim of Mathison was definite and certain enough to prevent another action for the same thing. This was sufficient. Nelson Mfg. Co. v. Mitchell, 38 Mo. App. 321, 328. Instruction five is proper. State ex rel. Russell v. Fargo, 151 Mo. 280; State to use of Hayden v. McHale, 16 Mo. App. 478.

BRADLEY, J.—This is an action on an attachment bond. On trial below before the court and a jury judgment went in favor of defendants on the bond suit and in favor of defendant Mathieson on his set-off. From the judgment rendered, relator appealed.

We will hereafter refer to relator as plaintiff. A fair statement of the facts which gave occasion for the present cause will be found is Mathewson v. Larson-Myers Co., 217 S. W. 609. Defendants challenge the petition, but they filed no demurrer or motion, and in the present situation the petition is sufficient. Defendants Easterday and Crowder, sureties on the attachment bond, filed a general denial. Defendant, Mathieson, admitted the execution of the attachment bond, and denied generally other allegations. He further alleged by way of defense that the attachment suit was commenced against Larson-Myers Co. at the suggestion and on the advice of plaintiff, Myers, who, he alleges, prevailed upon him to bring that action, and that by reason thereof plaintiff is not entitled to maintain this cause. He alleges that in the cause against Larson-Myers Co. he obtained a judgment for $525 for which both Larson and plaintiff are obligated to pay, but that no part of said judgment has been paid. He further alleged that plaintiff, Myers, was individually indebted to him in the sum of $150 with interest from October, 1916, amounting to $177, and that no part of this had been paid, and asked

judgment for the $150 with interest. Plaintiff moved to strike out all that portion of the answer relating to his advice about the attachment, the judgment, and the $150 account. This motion was overruled. While defendant mentioned the judgment in his favor in his suit against the partnership, he did not ask that it be considered as a set-off or counterclaim.

The only property seized, under the attachment writ, in which plaintiff had any interest was 138 cedar electric light poles. The evidence shows that these poles belonged to Larson and plaintiff Myers, but plaintiff says that while they belonged to himself and Larson that they were not the property of the partnership; that he and Larson bought the poles with the idea of organizing a company and putting in a light plant, but had not done so. The evidence tended to show that these poles when attached were worth about $500, and when finally released and sold they brought $225. Plaintiff claims to have paid out $42.50 for railroad fare and hotel bills for himself and his attorney, and $100 attorney fee in connection with the suit against the partnership. The plea in abatement and the merits in the attachment suit were tried on the same day and plaintiff was not certain what proportion of the items mentioned were incurred in each wing of the case—the plea in abatement and the merits.

Plaintiff makes many assignments, but only two need be considered. First, was plaintiff entitled to a directed verdict for at least nominal damages, and second, is defendant Mathieson's claim for $150 a proper matter for set-off in this cause? The attachment had been dissolved, and, therefore, the attachment bond had been breached, and, independent of other matters in the cause, plaintiff was entitled to a directed verdict. But should the fact that plaintiff was entitled to have the court direct the jury that they would find for him and submit the question of amount, work a reversal under the facts here. We think not. Had the court given a peremptory direction to find for plaintiff, the amount would still have been an

issue for the jury. The jury found and was justified in so finding that the electric light poles were the property of the partnership of Larson-Myers Co., and that finding under the facts and the instructions eliminated the poles as an item of damage. Plaintiff was so indefinite and uncertain as to what amount he paid out for expenses and attorney fees in the defense of the attachment suit that he has but little room for complaint in this respect. If a party fails to give evidence to show what he is entitled to recover, and leaves the jury to speculate and guess, and they, rather than indulge in guess and speculation, find that such party it not entitled to recover anything, we do not think that there is any just ground for complaint. But unless Myer's set-off is proper, and that it may be said that plaintiff's right to nominal damages is swallowed up in and by the judgment on the set-off, plaintiff is entitled at least to his nominal damages and a judgment therefor, which would at least carry the costs.

By section 1736, Revised Statutes 1919, it is provided that in any suit on an attachment bond *any* obligor may avail himself of any set-off or counterclaim he may have against the party to whose use the suit is brought, and that if such set-off or counterclaim shall exceed in amount the damages proved, judgment shall be rendered against the relator and in favor of the defendant setting up the set-off or counterclaim for the amount of the excess and for all costs. Plaintiff's suit on the attachment bond is an action *ex contractu* (State ex rel. v. Fidelity & Guaranty Co., 135 Mo. App. 160, 115 S. W. 1081), and such is the character of defendant's set-off. Defendant's set-off is for borrowed money, and was involved in the cause of Mathieson v. Larson-Myers Co., supra, but was eliminated from that case because it shown to be an obligation against Myers individually. The statute, supra, does not require that the set-off or counterclaim mentioned therein be common to all the defendants sued on the attachment bond, but provides

that *any* obligor may avail himself of any set-off or counterclaim he may have against the party to whose use the suit is brought. This suit was brought to the use of Myers. Defendant Mathieson had a set-off against Myers. He pleaded that set-off, and properly so.

Had the court given a peremptory direction to find for plaintiff on the bond, the jury would not have been compelled under the evidence to find for more than nominal damages. They eliminated at least $27 from defendant's set-off. It is clear from the jury's finding that the mere direction to find for plaintiff would not have resulted in a finding for him in excess of more than nominal damages. This would have amounted to no more in effect than the result reached, and this being the situation we do not think that we should remand the cause for that reason.

Plaintiff urges that the allegations in Mathieson's answer attempting to plead the set-off are wholly insufficient. He filed no demurrer and no reply so far as we can ascertain, and we think in this situation there is no ground for complaint after verdict. The allegations pleading the set-off are not in accordance with the best rules of pleading, but after verdict we think the allegations are sufficient.

The defense that plaintiff had connived at and advised and counseled the bringing of the attachment suit was eliminated by instructions, and that feature is not involved here. The judgment below should be affirmed, and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.