**RENDEZVOUS TRAILS OF AMERICA, INC., Appellant,**

v.

**R. T. AYERS, Appellee.**

**No. 51986.**

Court of Appeals of Oklahoma, Division No. 2.

May 6, 1980.

Released for Publication by Order of Court of Appeals June 5, 1980.

Joseph W. Greggs, Oklahoma City, and Charles I. Allen, Oklahoma City, for appellant.

Paul Ferguson, Edmond, for appellee.

BRIGHTMIRE, Presiding Judge.

The corporate plaintiff, Rendezvous Trails of America, Inc., brought this action against the defending common stock subscriber, R. T. Ayers, to recover the unpaid balance of $39,384 due on several subscription agreements. Four days before trial Ayers offered to confess judgment for the full sum sought together with costs. Rendezvous rejected the offer. On the day of trial Ayers did confess judgment for $39,-384 and agreed to the entrance of a "partial judgment" for that amount and reservation of a ruling on Rendezvous' request for prejudgment interest and attorney's fees. About a month later the trial judge denied

both requests and it is that ruling Rendezvous attacks here.

I

Rendezvous' first contention is that it is entitled to a judgment for interest on the delinquent stock obligation from the date it became due, namely, on May 1, 1976. It says this entitlement arises from 23 O.S. 1971 § 22 which specifies that the "detriment caused by the breach of an obligation to pay money only is deemed to be the amount due by the terms of the obligation, with interest thereon."

█ It is right. There is no question about the fact that the subscriptions held by Ayers created an obligation to pay money. It is not disputed that $39,334 became due and payable to Rendezvous on May 1, 1976. According to the quoted statute an obligee's recoverable detriment when payment is delayed is the principal indebtedness plus interest on it during the delinquency.[1] This is, of course, no more than fair and merely incorporates the traditional market place function of interest—to compensate another for the use of his money.[2] Hence the trial judge erred in failing to award interest on the confessed obligation at an annual rate of six percent[3] until date of judgment, then at the rate of 10 percent annually on the total judgment until October 1, 1979, and then increasing to 12 percent annually until paid.[4]

II

█ The foundation for Rendezvous' insistence on receiving payment of its attorney's fees from Ayers is 12 O.S.1971 § 936. That statute, however, specifies the taxing of attorney's fees as costs to the prevailing party in actions on "contract[s] relating to the purchase or sale of goods, wares, or merchandise, or for labor and services . . . ." It does not authorize such costs

1. *Fidelity-Phenix Fire Ins. Co. v. Board of Education,* 201 Okl. 250, 204 P.2d 982 (1949).

2. See also 15 O.S.1971 § 264A for a similar statutory definition.

3. 15 O.S.1971 § 266.

4. 12 O.S.1971 § 727, as amended in 1979. The rate on judgments was 10 percent in 1977 when the ruling in question was rendered. It was increased to 12 percent effective October 1, 1979.

**1386**

in an action on a contract for the sale of corporate common stock. Ordinarily, attorney's fees may not be awarded unless ordained by contract or statute.[5] Since neither basis exists here the trial judge's denial of Rendezvous' request for attorney's fees was correct.

The "order" appealed is vacated in part and the cause is remanded with directions to enter a final judgment in favor of Rendezvous for $39,334 plus prejudgment interest together with costs and postjudgment interest on the total amount until paid as provided by law.

BACON and NEPTUNE, JJ., concur.

5. *Goodman v. Norman Bank of Commerce*, Okl., 565 P.2d 372 (1977).