UNITED STATES of America, Appellee,

v.

Edward KLOOR, Appellant.

No. 91-2312.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 9, 1991.

Decided April 23, 1992.

**1394**

Michael Dwyer, St. Louis, Mo., argued, for appellant.

Patricia A. McGarry, St. Louis, Mo., argued, for appellee.

Before LAY, Chief Judge, WOLLMAN and HANSEN, Circuit Judges.

PER CURIAM.

Edward Kloor appeals his sentence of twenty-one months imposed by the district court[1] after he pleaded guilty to possession with intent to distribute cocaine under 21 U.S.C. §§ 843(b) and 841(a)(1).

At sentencing, Kloor told the court that he realized what he had done was wrong and he had accepted the consequences of his wrongdoing. The court declined to make an adjustment for acceptance of responsibility. He appeals this denial. We affirm.

■ The government contends the court's refusal to grant the two level downward adjustment for acceptance of responsibility is not reviewable because Kloor's 21 month sentence would have still been within the lower permissible range of 15 to 21 months confinement. We disagree.

Because there is no certainty from the record that the trial judge would have imposed the same 21 month sentence if the trial judge had granted the acceptance of responsibility adjustment, the issue is reviewable. *United States v. Khang*, 904 F.2d 1219, 1225 (8th Cir.1990); *United States v. Luster*, 896 F.2d 1122, 1130 (8th Cir.1990); *United States v. Riascos*, 944 F.2d 442, 445 (8th Cir.1991) (because the trial court explicitly noted it would sentence where it did even without challenged enhancement, no remand for resentencing); *contra United States v. Hoelscher*, 914 F.2d 1527, 1537 (8th Cir.1990) (if sentence within the overlap of two contested for ranges, issue is not reviewable even without the trial court's particularized finding); *but see United States v. Simpkins*, 953 F.2d 443, 446 (8th Cir.1992) (construing *Hoelscher* to require that "if the sentence imposed falls within the guideline range urged by the appellant *and if it is clear that the sentencing court would have imposed the same sentence regardless of whether the appellant's argument for a lower guideline range ultimately prevailed, then* the matter is not reviewable and will not be remanded for resentencing.") (emphasis added); *cf. Williams v. United States*, —— U.S. ——, 112 S.Ct. 1112, 117 L.Ed.2d 341 (1992) (when upward departure rests on both valid and invalid bases, remand is required "unless the reviewing court concludes on the record as a

**1.** The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

whole, that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed.") Here we cannot say from a review of the record as a whole whether or not the trial court would have imposed the same sentence had the court made the two level downward adjustment for acceptance of responsibility. Hence the acceptance issue is itself reviewable.

We find the court's ruling was not clearly erroneous. Though Kloor pleaded guilty, stipulated to the facts of his offense, and did not deny the offense, he also fled from authorities, attempted to hide the express mail package, and consistently refused to expound on the facts of his offense. *See United States v. Thompson,* 876 F.2d 1381, 1384 (8th Cir.) (although defendant pleaded guilty and provided some information to authorities, § 3E1.1 adjustment properly denied where defendant refused to discuss offense with probation officer and did not voluntarily terminate illegal conduct or surrender himself), *cert. denied,* 493 U.S. 868, 110 S.Ct. 192, 107 L.Ed.2d 147 (1989). We find no merit to the appellant's other arguments.

Judgment affirmed.