_____

No. 95-2599
_____

United States of America,       *
     *
     Appellee,      *
     *   Appeal from the United States
     v.      *   District Court for the
     *   Western District of Missouri.
Ernest Lee Mason,      *
     *      [TO BE PUBLISHED]
     Appellant.      *

_____

Submitted:   January 9, 1996

Filed:   January 29, 1996
_____

Before MAGILL, REAVLEY,[*] and HANSEN, Circuit Judges.

_____

PER CURIAM.


Ernest Lee Mason appeals the fifty-seven-month sentence imposed pursuant to the Sentencing Guidelines after he pled guilty to bank robbery. Mason contends that the district court[1] erred in placing him in criminal history category II for sentencing purposes. We affirm.

Mason was indicted on January 3, 1995, for bank robbery in violation of 18 U.S.C. § 2113(a) & (d) (1988). He pled guilty on January 25, 1995, and at sentencing the district court assessed

_____

*THE HONORABLE THOMAS M. REAVLEY, United States Circuit Judge for the Fifth Circuit, sitting by designation.

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

three criminal history points, placing him in criminal history category II.  He received one point for a prior violation of a local ordinance banning marijuana possession, see U.S.S.G. §§ 4A1.1(c), 4A1.2(c)(1) (1994), and two points for committing the present offense (bank robbery) during his two-year unsupervised probation term for the ordinance violation, see U.S.S.G. § 4A1.1(d).  Given Mason's offense level of 24, this resulted in a sentencing range of fifty-seven to seventy-one months.  A fifty-seven-month sentence was imposed.

Mason contends that violations of local ordinances are not crimes under Missouri law, and thus he should not have received the one criminal history point.  However, this Court has held that violations of local ordinances, even if not crimes under state law, do count for sentencing purposes so long as a probation term of at least one year was imposed, because the effect of local violations for sentencing purposes is a matter of federal law.  United States v. Rayner, 2 F.3d 286, 287-88 (8th Cir. 1993) (applying U.S.S.G. § 4A1.2(c)(1), which states that one criminal history point shall be added for violations of local ordinances, where a term of probation of at least one year is imposed).

In the present case, a probation term of two years was imposed for the ordinance violation.  Mason contends that Rayner was erroneously decided and that this panel should overrule Rayner, which of course our panel cannot do; see United States v. Wright, 22 F.3d 787, 788 (8th Cir. 1994) (panel is bound by prior Eighth Circuit precedent unless overruled by the court sitting en banc).  Thus, Rayner and § 4A1.2(c)(1) foreclose Mason's argument.

Mason next argues that the district court's assessment of two criminal history points because the bank robbery was committed during a term of probation was erroneous, as Mason's probation was unsupervised.  However, the term "probation" as used in U.S.S.G. § 4A1.1(d) encompasses both "supervised" and "unsupervised"

-2-

probation.  See United States v. Lloyd, 43 F.3d 1183, 1187-88 (8th Cir. 1994) (applying application note 4 to § 4A1.1, which states that active supervision for probation is not required).  Thus, this argument is foreclosed as well.

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.