_____

No. 95-3622
_____

United States of America,          *
                                   *
          Appellee,                *  Appeal from the United States
                                   *  District Court for the
     v.                            *  Western District of Missouri.
                                   *
Gary A. Lopes,                     *          [UNPUBLISHED]
                                   *
          Appellant.               *


_____

          Submitted: April 16, 1996

             Filed: April 22, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

     Gary Lopes pleaded guilty to conspiring to distribute
methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  At
sentencing he challenged the assessment of a seventh criminal history point
for a 1985 "No Driver's License" municipal conviction, which resulted in
a fine and one year probation.  The district court[1] nonetheless assigned
Lopes a Category IV criminal history based on seven points, rather than
Category III based on six points.  See U.S.S.G. § 5A.  The court determined
a Guidelines sentencing range of 210 to 262 months, and sentenced Lopes to
210 months imprisonment and five years supervised release.  Lopes appeals,
and we affirm.

_____

     [1]The Honorable Russell G. Clark, United States District Judge
for the Western District of Missouri.

Although Lopes's sentence falls within the 188-to-235-month range that would have applied if he had had a Category III criminal history, we conclude the sentence is reviewable because there is no certainty the district court would have imposed the same sentence under the lower range, particularly because the government was required to recommend sentencing at the low end of the Guidelines range pursuant to the written plea agreement.  See United States v. Kloor, 961 F.2d 1393, 1394 (8th Cir. 1992) (per curiam).

We review de novo the application of the Sentencing Guidelines. United States v. Casares-Cardenas, 14 F.3d 1283, 1288 (8th Cir.), cert. denied, 115 S. Ct. 147 (1994).  A defendant earns three points for a prison sentence exceeding thirteen months, U.S.S.G. § 4A1.1(a), two points for a prison sentence of at least sixty days, U.S.S.G. § 4A1.1(b), and one point for a "prior sentence" not counted in (a) or (b), U.S.S.G. § 4A1.1(c). Prior sentences for misdemeanor offenses are counted, except that certain "prior offenses and offenses similar to them, by whatever name they are known, are counted only if . . . the sentence was a term of probation of at least one year"; those offenses include "[d]riving without a license." U.S.S.G. § 4A1.2(c)(1).  Because Lopes failed to produce any evidence to show that his "No Driver's License" offense was not similar to "driving without a license," we conclude the district court properly assessed the criminal history point.  See United States v. Mason, 74 F.3d 890, 891 (8th Cir. 1996) (per curiam) (in § 4A1.2(c)(1) context, "violations of local ordinances . . . do count for sentencing purposes so long as a probation term of at least one year was imposed").

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.