82 F.3d 421
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Gary A. LOPES, Appellant.
 No. 95-3622.
 United States Court of Appeals, Eighth Circuit.
 Submitted April 16, 1996.
Decided April 22, 1996.
 
 Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gary Lopes pleaded guilty to conspiring to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing he challenged the assessment of a seventh criminal history point for a 1985 "No Driver's License" municipal conviction, which resulted in a fine and one year probation. The district court[1] nonetheless assigned Lopes a Category IV criminal history based on seven points, rather than Category III based on six points. See U.S.S.G. § 5A. The court determined a Guidelines sentencing range of 210 to 262 months, and sentenced Lopes to 210 months imprisonment and five years supervised release. Lopes appeals, and we affirm.
 
 
 2
 Although Lopes's sentence falls within the 188-to-235-month range that would have applied if he had had a Category III criminal history, we conclude the sentence is reviewable because there is no certainty the district court would have imposed the same sentence under the lower range, particularly because the government was required to recommend sentencing at the low end of the Guidelines range pursuant to the written plea agreement. See United States v. Kloor, 961 F.2d 1393, 1394 (8th Cir.1992) (per curiam).
 
 
 3
 We review de novo the application of the Sentencing Guidelines. United States v. Casares-Cardenas, 14 F.3d 1283, 1288 (8th Cir.), cert. denied, 115 S.Ct. 147 (1994). A defendant earns three points for a prison sentence exceeding thirteen months, U.S.S.G. § 4A1.1(a), two points for a prison sentence of at least sixty days, U.S.S.G. § 4A1.1(b), and one point for a "prior sentence" not counted in (a) or (b), U.S.S.G. § 4A1.1(c). Prior sentences for misdemeanor offenses are counted, except that certain "prior offenses and offenses similar to them, by whatever name they are known, are counted only if ... the sentence was a term of probation of at least one year"; those offenses include "[d]riving without a license." U.S.S.G. § 4A1.2(c)(1). Because Lopes failed to produce any evidence to show that his "No Driver's License" offense was not similar to "driving without a license," we conclude the district court properly assessed the criminal history point. See United States v. Mason, 74 F.3d 890, 891 (8th Cir.1996) (per curiam) (in § 4A1.2(c)(1) context, "violations of local ordinances ... do count for sentencing purposes so long as a probation term of at least one year was imposed").
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri