# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-1904

_____

Hillside Enterprises, Inc., a Missouri       *
general business corporation, doing          *
business as Hillside Vineyards,              *
                                             *
                                             *
            Plaintiff,                        *
                                             *
                                             *
       v.                                     *
                                             *    Appeals from the United States
Continental Carlisle, Incorporated,          *    District Court for the
                                             *    Eastern District of Missouri.
            Defendant - Appellee,             *
                                             *
-----------------------------                *
                                             *
John A. Walsh,                               *
                                             *
            Movant - Appellant.              *


_____

No. 97-1907
No. 97-1908

_____

Hillside Enterprises, doing business         *
as Hillside Vineyards, Inc., a Missouri      *
general business corporation,                *
                                             *
            Plaintiff - Appellee,            *
                                             *
       v.                                     *

*

Continental Carlisle, Incorporated,      *
                                        *

           Defendant - Appellant.    *

                                        *

------------------------------    *

                                        *

John A. Walsh,                  *

                                        *

           Movant - Appellee.      *

_____

Submitted: April 16, 1998
Filed:   June 23, 1998

_____

Before McMILLIAN, BOWMAN,[1] and MURPHY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Hillside Enterprises and Continental Carlisle entered into a purchase agreement whereby Continental was to develop and manufacture, and Hillside was to purchase, a semi-disposable wine glass product. Hillside later sued Continental alleging a breach of the purchase agreement and misrepresentation. Continental counterclaimed, seeking to recover for shipments of the product already delivered to Hillside. On March 28, 1994, after a jury trial, the District Court entered a judgment for Hillside in the amount of $465,000.00 on its claims and a judgment for Continental in the amount of $164,948.17 on its counterclaim. We affirmed the judgments and ruled that Continental was entitled to prejudgment interest on its counterclaim. See Hillside Enter. v. Carlisle Corp., 69 F.3d 1410, 1416 (8th Cir. 1995).

_____

[1]The Honorable Pasco M. Bowman became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 18, 1998.

On April 5, 1994, seven days after the District Court entered the original judgments, Hillside and its counsel, John Walsh, executed an amendment to their original retainer agreement.[2] The amendment changed Walsh's compensation from one-third, which was purportedly the amount provided for in the original agreement, to one-half of all sums recovered. On February 23, 1996, nearly two years after the trial, Walsh informed Continental for the first time that he was asserting an attorney's lien against Hillside's judgment pursuant to Missouri law. See Mo. Rev. Stat. § 484.140 (1987). On March 8, 1996, Walsh moved to impress his lien upon Hillside's judgment and claimed that his lien had priority over Continental's right to offset its judgment against Hillside's judgment. The District Court held that Walsh's attorney's lien had priority, but that the lien was limited to one-third pursuant to the purported original retainer agreement. The court further held that Continental was entitled to prejudgment interest only from the date on which Continental filed its counterclaim. Walsh then moved for reconsideration, requesting a ruling that his attorney's lien also included expenses he had incurred. The court denied Walsh's motion and held that the lien did not include such expenses.

In this appeal, Walsh argues that he is entitled to a contingent fee of one-half and that his expenses should be included in the lien. Continental cross-appeals, claiming that it is entitled to prejudgment interest beginning thirty days after the date of each unpaid invoice, that Walsh has no valid attorney's lien, and that, if the lien is valid, Continental's right to set-off has priority.

II.

We must first determine the date from which Continental is entitled to prejudgment interest. In our earlier opinion, we applied Oklahoma law and determined that Continental was entitled to prejudgment interest at the one and one-half percent

---

[2]Walsh has never produced a copy of the original written retainer agreement.

rate set forth in the purchase agreement.  See Hillside, 69 F.3d at 1416.  On remand, the District Court awarded prejudgment interest starting from the date on which Continental filed its counterclaim.  We review this award for abuse of discretion.  See United States v. Feterl, 849 F.2d 354, 358 (8th Cir. 1988).

Under Oklahoma law, "'it is a rule of general recognition by the courts and obtains in [that] jurisdiction that where there is a contract to pay money on a day certain, . . . interest will be allowed from such date.'"  Loffland Bros. Co. v. C.A. Overstreet, 758 P.2d 813, 822 (Okla. 1988) (quoting Fidelity-Phenix Fire Ins. Co. of New York v. Board of Educ. of Rosedale, 204 P.2d 982, 987 (Okla. 1949)).  In this case, the purchase agreement stated, "Terms of sale shall be Net 30 Days from date of invoice.  Past due invoices may be subject to a one and one half (1 ½%) percent service charge per month."  Appellee's Supplemental App. at 82.

Walsh argues that the one and one-half percent was a service charge and therefore not interest.  We rejected this argument the first time this case was before our Court.  See Hillside, 69 F.3d at 1416 ("Although the contract uses the term 'service charge,' a sensible reading of the provision indicates it is an interest rate.")  Walsh further argues that, because the language in the purchase agreement states that invoices "may be" subject to a service charge, Continental merely had the option of imposing such a charge and never exercised that option before filing its counterclaim.  Walsh thus contends that the District Court was correct in awarding prejudgment interest from the filing of the counterclaim.  We disagree.  We read the purchase agreement as a contract to pay money on a day certain--thirty days from the date of the invoice.  Under Oklahoma law, Continental is entitled to interest from that date.  The District Court abused its discretion in finding otherwise.  This result further accords with the policy under Oklahoma law behind awarding prejudgment interest from the time an obligation becomes due and payable: "to compensate another for the use of his money."  Rendezvous Trails of Am. v. R.T. Ayers, 612 P.2d 1384, 1385 (Okla. Ct. App. 1980) (footnote omitted).  Finally, awarding prejudgment interest from the time at which the

payments became overdue is consistent with the result in our previous decision in this case. It would be anomalous to hold that Continental is entitled to prejudgment interest according to the contract rate, see Hillside, 69 F.3d at 1416, and then disregard for no apparent reason the terms of the contract that state the time at which the interest is to accrue. We therefore hold that Continental is entitled to prejudgment interest from the time each invoice became overdue, which amounts to $248,541.94[3] for a total judgment of $413,489.51 plus postjudgment interest at the rate of 4.22 percent per year from March 28, 1994.

We next address whether the District Court erred in holding that Walsh's attorney's lien has priority over Continental's right to offset its judgment against Hillside's judgment. As the District Court determined, we apply Missouri law to this issue because Missouri law governs Walsh's relationship with his client and, indeed, Walsh asserts his lien pursuant to Missouri law. See Mo. Rev. Stat. §§ 484.130 and 484.140 (1987).

The District Court ordered that Walsh's lien should take priority over any set-off of Continental's judgment against Hillside. We conclude that this result is contrary to Missouri law. In Benton v. Alcazar Hotel Co., 194 S.W.2d 20, 25 (Mo. 1946), the Missouri Supreme Court held that an attorney's lien is "subsequent and subservient" to the right of an opponent to set off its award where the claims "arose in the course of [the] very action and inhered in and arose out of the same transaction." Benton in turn relied upon State ex rel. Hinde v. United States Fidelity & Guar. Co., 115 S.W. 1081, 1083 (Mo. Ct. App. 1909), wherein the court held that a defendant's right to set-off is superior to an attorney's lien.[4] "[W]here the cause and the set-off are related to the

---

[3]Hillside and Continental stipulated to this figure.

[4]The District Court concluded that, by relying upon Hinde, "the Missouri Supreme Court [in Benton] may have made an error in judgment" in its holding because at the time Hinde was decided, the statute in effect made set-off mandatory. Hillside

same matter, the lien attaches only to the surplus that may be adjudged the plaintiff after a balance is struck." Id. Further, this Court has applied Benton, holding that "[the plaintiff's] counsel's attorney lien against [the plaintiff's] $450,000 judgment is inferior to [the defendant's] right to obtain a final judgment for the net amount." James E. Brady & Co. v. Eno, 992 F.2d 864, 870 (8th Cir. 1993). We are, of course, bound by this decision. See United States v. Mason, 74 F.3d 890, 891 (8th Cir.) (per curiam), cert. denied, 517 U.S. 1239 (1996).

In this case, the judgments Hillside and Continental obtained against each other arose out of same transaction pursuant to the same purchase agreement. We therefore hold that under Missouri law Walsh's attorney's lien is inferior to Continental's right to set off its judgment. This result also comports with Missouri's policy "that an attorney is entitled to a percentage of the amount of the verdict after it is reduced by any counterclaim or offset."[5] Kramer v. Fallert, 628 S.W.2d 671, 674 (Mo. Ct. App. 1981).

_____

Enter., Inc. v. Carisle Corp., 944 F. Supp. 793, 801 (E.D. Mo. 1996). It is not the place of the federal courts, however, to reexamine state court determinations of state law questions. "We are . . . bound to accept the interpretation of [state] law by the highest court of the State." Hortonville Joint Sch. Dist. No. 1 v. Hortonville Educ. Ass'n, 426 U.S. 482, 488 (1976). To do otherwise "exceed[s] the bounds of federal court authority." Reeves v. Hopkins, 76 F.3d 1424, 1427 (8th Cir.), cert. denied, 117 S. Ct. 307 (1996). Moreover, notwithstanding that Hinde was decided at a time when set-off was mandatory, we believe that the rationale upon which Hinde relied equally applies in the present case.

[5]The amended retainer agreement states that Walsh's compensation "shall be one-half of all gross sums recovered, before counterclaims, set-offs and expenses are deducted therefrom." Appellant's Addendum at 18. While it is the prerogative of Walsh and Hillside to establish the figure from which Walsh's fee should be computed, here the total amount before counterclaims and set-offs, we decline to give effect to the agreement insofar as it would unfairly prejudice Continental.

In further keeping with Missouri law, one final judgment representing the net difference in awards should be entered.  See Buss v. Horine, 819 S.W.2d 762, 770 (Mo. Ct. App. 1991).  Accordingly, Continental should first offset its judgment of $413,489.51 plus postjudgment interest from Hillside's judgment of $465,000.00 plus postjudgment interest.  A final judgment should be entered in favor of Hillside for the difference.  Only then may Walsh assert his attorney's lien over the net sum due to Hillside.

Because we conclude today that Walsh's attorney's lien does not take priority over Continental's judgment, we need not decide the percentage of Hillside's recovery Walsh is entitled to have under his contingent fee arrangement with Hillside, whether Walsh's expenses should be included, and whether the attorney's lien is even valid.  It is for Walsh and Hillside to determine the portion of Hillside's recovery to which Walsh is entitled; the amount of his attorney fee is now irrelevant to this proceeding.

III.

We hold that Continental is entitled to prejudgment interest beginning thirty days after the date of each invoice and that Continental's right to set-off has priority over Walsh's attorney's lien.  We therefore remand to the District Court to enter one final judgment in favor of Hillside for the net difference between $465,000.00 plus postjudgment interest and $413,489.51 plus postjudgment interest.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.