UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                          No. 03-4331

WILLIE LEE MOORE,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., District Judge.
(CR-02-252-1)

Submitted: March 15, 2004

Decided: April 7, 2004

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Lyle J. Yurko, YURKO & OWENS, P.A., Charlotte, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Willie Lee Moore was convicted by a jury of conspiracy to distribute more than fifty grams of cocaine base (crack), 21 U.S.C.A. §§ 846, 841(b)(1)(A) (West 1999 & Supp. 2003), and was sentenced to a term of 324 months imprisonment. He appeals his sentence, arguing that the district court erred in calculating his criminal history, *U.S. Sentencing Guidelines Manual* §§ 4A1.1, 4A1.2(c) (2002), and in applying the sentencing guidelines for crack offenses, which he challenges on equal protection grounds. We affirm.

The district court determined that Moore was in criminal history category III, but departed downward to category II pursuant to U.S.S.G. § 4A1.3, p.s. Moore contends that the district court erred in awarding him one criminal history point under § 4A1.1(c) for each of the following sentences: (1) two years unsupervised probation for driving with a revoked license in North Carolina in 1994; (2) two sentences of twelve months unsupervised probation for driving with a revoked license in North Carolina in 1995 and 1997; (3) twelve months unsupervised probation for misdemeanor breach of peace in North Carolina in 2001; and (4) for a conviction for shoplifting in Florida in 1994.*

Moore first argues that his North Carolina driver's license was revoked because he failed to pay outstanding traffic tickets and that a revocation of this nature is not the kind of offense intended by the Sentencing Commission to be counted under § 4A1.2(c)(1), but is instead similar to minor traffic infractions and petty offenses listed in § 4A1.2(c)(2). Guideline section 4A1.2(c)(2) identifies specific petty offenses and directs that sentences for those offenses, and others similar to them, are never counted in a defendant's criminal history. However, driving on a revoked or suspended license is listed in

---

*When the presentence report was prepared, the probation officer was awaiting information about the Florida shoplifting conviction, but no further evidence was presented to the district court concerning the sentence. Moore maintained that he posted bond and was released, and that there were no further proceedings.

§ 4A1.2(c)(1) as an offense for which the sentence must be counted if the sentence was a term of probation of at least one year or at least thirty days imprisonment. The elements of Moore's offense are the same as for the offense of driving on a revoked or suspended license, which is listed in § 4A1.2(c)(1). Therefore, we find that these sentences were properly counted under § 4A1.1(c)(1). *See United States v. Harris*, 128 F.3d 850, 853-55 (4th Cir. 1997) (approving elements test as consistent with the plain meaning of "similar"). The reason for the license revocation is immaterial.

Moore's sentence for breach of the peace (described in the presentence report as "a large street fight" in which Moore "urged the crowd to disregard the orders of the responding officers") could be counted even if it was a municipal or ordinance violation because § 4A1.2(c) may include such offenses. *United States v. Rayner*, 2 F.3d 286, 287 (8th Cir. 1993). Moore speculates that, because he was not charged with a criminal offense such as disorderly conduct or obstructing an officer, his conduct was most analogous to loitering, an offense not counted under § 4A1.2(c)(2). We disagree. One of the offenses listed in § 4A1.2(c)(1) is disturbing the peace. The district court correctly determined that breach of peace and disturbing the peace are nearly identical offenses. Therefore, the court did not err in counting in Moore's criminal history his sentence of twelve months probation for breach of peace.

Moore alleges error in that one criminal history point was recommended in the presentence report under § 4A1.1(c) for his shoplifting conviction although there was no information about any sentence that may have been imposed. Because criminal history points under § 4A1.1(a)-(c) are awarded for sentences, not convictions, no points were due for the shoplifting conviction alone. Although the district court did not explicitly grant Moore's objection, it did not count the shoplifting conviction when adding Moore's criminal history points. Thus, no error occurred.

Moore argues that no criminal history points should have been awarded for his sentences of unsupervised probation, reasoning that such sentences are not serious enough to warrant inclusion in a defendant's criminal history. The guidelines do not make any distinction between supervised and unsupervised probation and we will not infer

any difference. The fact that the term "probation" is not defined, as is "sentence of imprisonment," in § 4A1.2(b), indicates that it includes both supervised and unsupervised probation. *See United States v. Harris*, 204 F.3d 681, 682-83 (6th Cir. 2000) (upholding award of criminal history points under § 4A1.1(c)(1) for Ohio sentences that are functional equivalent of unsupervised probation).

Moore makes the related argument that, because he was under a sentence of unsupervised probation when he committed the instant offense, the court should not have awarded him two criminal history points under § 4A1.1(d). We find no merit in this claim. *See United States v. Mason*, 74 F.3d 890, 891 (8th Cir. 1996) (holding that "probation," as used in § 4A1.1(d), means both supervised and unsupervised probation).

Last, Moore argues that the sentencing guidelines for crack offenses violate the Equal Protection Clause of the Constitution because they affect more black defendants than white defendants. This court has repeatedly upheld the constitutionality of the guidelines for crack offenses on this ground. *See United States v. Ford*, 88 F.3d 1350, 1365 (4th Cir. 1996) (listing previous decisions). Therefore, we find no merit in this claim.

Accordingly, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*