**UNITED STATES of America, Appellee,**

v.

**Lee O. RAYNER, Appellant.**

No. 92–2629.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 18, 1993.

Decided Aug. 13, 1993.

Byron Neal Fox, Kansas City, MO, argued Kathleen Kopach Woods, on brief, for appellant.

Kathryn M. Geller, Asst. U.S. Atty., Kansas City, MO, for appellee.

Before McMILLIAN, MAGILL and LOKEN, Circuit Judges.

McMILLIAN, Circuit Judge.

Lee O. Rayner appeals the 151–month sentence imposed by the District Court[1] following his guilty plea to conspiring to distribute phencyclidine (PCP). For reversal, he argues that the District Court erred in calculating his criminal history score and in denying his request for a two-point minor-participant reduction. For the reasons discussed below, we affirm.

1. The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

A grand jury indicted Rayner for conspiring to distribute more than one kilogram of a mixture containing PCP. The indictment alleged that on November 29, 1989, Rayner distributed one PCP-dipped cigarette to an undercover officer and possessed 26.2 grams of PCP with other members of the conspiracy. Rayner pleaded guilty pursuant to a plea agreement. The parties estimated that Rayner's criminal history category was I, agreed that Rayner knew of or reasonably could have foreseen the distribution of at least three but less than ten kilograms of PCP, and calculated his total offense level as 32. The parties also estimated Rayner's sentencing range as 121 to 151 months, but noted that the final determinations would be made by the court following preparation of a presentence report (PSR).

The PSR characterized Rayner as a member of the "upper hierarchy" of the drug distribution ring. Rayner's role in the offense was to run drugs and money between the "home base" and the drug houses operated by the ring. He was also involved in at least one drug sale. The PSR further stated that Rayner received a percentage of the proceeds of the conspiracy and was an average participant in the offense. The PSR calculated Rayner's criminal history score as four, placing him in criminal history category III. Applying U.S.S.G. § 4A1.1(c), the PSR assigned Rayner one point each for 1988 and 1990 Kansas City Municipal Court disturbing-the-peace convictions for which he received separate sentences of two years probation. Then, under U.S.S.G. § 4A1.1(d), the PSR added two more points because Rayner committed the instant offense while on probation. These calculations resulted in a sentencing range of 151 to 188 months.

Rayner filed a number of objections to the PSR. He claimed, inter alia, that he was not in the "upper hierarchy" of the distribution ring; that he was a minor or minimal participant in the conspiracy and entitled to a reduction under U.S.S.G. § 3B1.2; and that the PSR erroneously calculated his criminal history score by assigning him two points for the municipal offenses and another two points for committing the instant offense while on municipal probation. The district court denied the objections. The court determined that the municipal ordinance violations were properly included to calculate Rayner's criminal history score under § 4A1.2(c), and that the two-point increase under § 4A1.1(d) was proper because Rayner committed the instant offense while on probation for the 1988 violation. The court further determined, based on the information in the PSR and the information developed at the trial of Rayner's co-conspirators, that Rayner was an average rather than a minor participant.

Rayner first argues that municipal ordinance violations are not criminal under Missouri law, *Frech v. City of Columbia*, 693 S.W.2d 813, 814 (Mo.1985) (banc) (violation of municipal ordinance is civil proceeding), and thus the sentences he received for the violations cannot constitute prior sentences or "criminal justice sentences" within the meaning of § 4A1.1(c), (d), or § 4A1.2(c). Because this argument attacks the district court's construction of these Guidelines, our standard of review is de novo. *See United States v. West*, 942 F.2d 528, 530 (8th Cir. 1991).

■ We reject Rayner's contention that the court should look to state law to determine whether a prior sentence counts for criminal history purposes. "The classification of an offense as within or without the ambit of section 4A1.2(c) ... is a question of federal law, not state law, notwithstanding that the predicate offense and punishment are defined by state law." *United States v. Unger*, 915 F.2d 759, 763 (1st Cir.1990) (footnote omitted), *cert. denied*, 498 U.S. 1104, 111 S.Ct. 1005, 112 L.Ed.2d 1088 (1991). Any other approach would severely undermine the primary purpose of the Sentencing Reform Act—"to 'provide certainty and fairness in meeting the purposes of sentencing, avoiding unwarranted sentencing disparities among defendants with similar records.'" *Id.* at 762–63 (quoting 28 U.S.C. § 991(b)(1)(B) (1988)).

■ We also conclude that the district court correctly assigned Rayner one criminal history point for each of these convictions. Pursuant to § 4A1.2(c), sentences for misdemeanors and petty offenses, including dis-

turbing the peace, are counted for criminal history purposes "only if ... the sentence was a term of probation of at least one year or a term of imprisonment of at least thirty days." Rayner's 1988 and 1990 disturbing-the-peace convictions, for which he received two separate sentences of two years of probation, fall squarely within this provision. Similarly, the district court correctly imposed the two additional points under § 4A1.1(d) because Rayner committed the instant offense while under a criminal justice sentence. *See* § 4A1.1(d) (add two points if defendant committed instant offense while under any criminal justice sentence, including probation). Rayner was placed on two years probation on April 27, 1988, and he was arrested on November 29, 1989, for selling a PCP-dipped cigarette to an undercover officer.

Rayner also claims that the district court erred by denying his request for a two-point minor participant reduction under U.S.S.G. § 3B1.2(b). We review the denial of such a reduction under the clearly erroneous standard. *United States v. Wilson*, 955 F.2d 547, 551 (8th Cir.1992). "[T]he mere fact that the defendant was less culpable than his co-defendant[s] does not entitle the defendant to 'minor participant' status as a matter of law." *West*, 942 F.2d at 531. The defendant has the burden of proving the applicability of reductions to the offense level. *United States v. Dinges*, 917 F.2d 1133, 1135 (8th Cir.1990). The district court did not clearly err by denying Rayner's request for the reduction. Though Rayner's involvement in the conspiracy was not as great as some of the other participants, it entailed far more than one isolated drug sale and possession of twenty-six grams of PCP, as he asserts. *See, e.g., United States v. Regan*, 940 F.2d 1134, 1136 (8th Cir.1991); *United States v. Hutchinson*, 926 F.2d 746, 747 (8th Cir. 1991) (per curiam). We also reject Rayner's contention that, by relying on testimony from the trial of his co-conspirators to deny the reduction, the court violated the Confrontation Clause. *See United States v. Wise*, 976 F.2d 393, 398 (8th Cir.1992) (banc) (holding Confrontation Clause inapplicable at sentencing), *cert. denied,* —— U.S. ——, 113 S.Ct. 1592, 123 L.Ed.2d 157 (1993).

Accordingly, we affirm the judgment of the district court.