27 F.3d 572
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Pedro RODRIGUEZ, Appellant.
 No. 94-1040.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 7, 1994.
Filed: June 15, 1994.
 
 Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Pedro Rodriguez pleaded guilty to conspiring to distribute and to possess with intent to distribute more than fifty kilograms of marijuana, in violation of 21 U.S.C. Sec. 846. At sentencing, the district court[1] declined to grant Rodriguez a two-level reduction in his base offense level for being a minor participant in the offense. The court sentenced him to 42 months imprisonment and three years supervised release. He appeals his sentence. We affirm.
 
 
 2
 Rodriguez argues that the district court clearly erred in refusing to find that he was a minor participant, because he merely acted as a "facilitator." A defendant is entitled to a two-level decrease in offense level if he was a minor participant. U.S.S.G. Sec. 3B1.2(b). " [A] minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. Sec. 3B1.2, comment. (n.3). The defendant bears the burden of proving he is entitled to reductions in his offense level, and the district court's denial of the section 3B1.2 reduction should be reversed only if it is clearly erroneous. See United States v. Rayner, 2 F.3d 286, 288 (8th Cir. 1993).
 
 
 3
 Rodriguez admitted that he recruited codefendant Fidel Rodriguez to transport marijuana by car from California to Aurora, Illinois. He also admitted that he was responsible for determining that the transportation was completed. Further, information in the presentence report indicated that Rodriguez himself had travelled to Aurora twice-once two weeks before the 211-pound shipment was sent and again after the shipment arrived, at which time he removed a portion of it from the car. Additionally, Rodriguez admitted he was to be paid $4,000 or $5,000 for his participation.
 
 
 4
 We do not believe Rodriguez has come forward with facts showing he was less culpable than codefendant Fidel Rodriguez, or his other codefendant, who provided garage space in Aurora for the car containing the marijuana. Even if, viewing the conspiracy as a whole, Rodriguez was less culpable than some of the alleged unindicted participants, he was not entitled to minor-participant status as a matter of law when information before the district court showed he was deeply involved in the offense. Cf. United States v. West, 942 F.2d 528, 531 (8th Cir. 1991). We see no clear error in the district court's decision to deny minor-participant status.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE LYLE E. STROM, Chief Judge, United States District Court for the District of Nebraska