27 F.3d 572
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Kenneth Gordon MATTHEW, Appellant.
 No. 94-1027.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 13, 1994.
Filed: June 29, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kenneth Gordon Matthew appeals the 63-month sentence imposed by the district court[1] after Matthew pleaded guilty to conspiracy to distribute and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. Secs. 846 and 841(b)(1)(B). We affirm.
 
 
 2
 Matthew argues that the district court erred by denying him a two-level reduction under U.S.S.G. Sec. 3B1.2 in his Sentencing Guidelines total offense level. At sentencing, the district court found that Matthew's involvement was less than that of his co-defendant brother, but it was nonetheless significant and did not justify a reduction for a minor role.
 
 
 3
 We will reverse a district court's denial of a minor-participant reduction only if it was clearly erroneous. United States v. Rayner, 2 F.3d 286, 288 (8th Cir. 1993). While a defendant may be less culpable than the others involved in a conspiracy, that does not mean that the defendant's role was minimal or minor. See id.
 
 
 4
 It is undisputed that Matthew helped his brother distribute methamphetamine by accepting packages, delivering them to his brother, and sending payments to the methamphetamine supplier in California. It is also undisputed that Matthew received methamphetamine at his house on at least five occasions in 1992 and 1993, that he picked up additional packages of methamphetamine for his brother from two other houses during 1992, that he knew what was in the packages, and that he knew his brother had received numerous other packages of methamphetamine during 1992. In light of this unrefuted evidence, we conclude that the district court did not clearly err by denying Matthew the minor-participant reduction in his total offense level. Cf. id. at 287-88 (though defendant directly assisted in only one sale, he was not entitled to minor-participant reduction because he ran drugs and money between drug houses, and knew of or reasonably could have foreseen extent of distribution); United States v. Hale, 1 F.3d 691, 694 (8th Cir. 1993) (drug steerer not entitled to minor-participant reduction); United States v. Nunn, 940 F.2d 1128, 1133 (8th Cir. 1991) (minor-participant reduction denied to defendant who took messages about drug transactions, made telephone calls to collect money from prior sales, and assisted in transportation).
 
 
 5
 Accordingly, the sentence imposed by the district court is affirmed.
 
 
 
 [1]
 The Honorable Diana E. Murphy, Chief Judge, United States District Court for the District of Minnesota