**UNITED STATES of America, Appellee,**

v.

**Eugene McCOY, also known as Lawrence Palmer, Appellant.**

**No. 94–1786.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1994.

Decided Sept. 27, 1994.

Stephen Marshall, St. Louis, MO, argued, for appellant.

Jonathan Goldstein, St. Louis, MO, argued, for appellee.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

BOWMAN, Circuit Judge.

Eugene McCoy and others participated in a scheme to cash bogus checks with the intent of defrauding federally-insured banks. The government filed a seventeen-count indictment charging McCoy and others with bank fraud, in violation of 18 U.S.C. §§ 1344, 2 (1988 & Supp. IV 1992). After McCoy pleaded guilty to two counts, the District Court[1] sentenced him to two concurrent 36–month prison terms and two concurrent three-year terms of supervised release. McCoy appeals his sentence. We affirm.

In December 1992, before the government filed the bank fraud indictment, McCoy was arrested in Fenton, Missouri, when he tried to cash a fraudulent counter check made payable to Lawrence Palmer. At that time, he told police his name was Lawrence Palmer, and he gave them correct identifying information for Palmer. The police then released McCoy. When federal authorities began investigating the fraud scheme, they believed McCoy's name was Lawrence Palmer, and the government in fact indicted McCoy under that name. Only after authorities is-

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

sued a warrant for Palmer's arrest did they learn McCoy's true identity.

■ At sentencing, the District Court adjusted McCoy's base offense level upward by two levels under U.S.S.G. § 3C1.1, which provides for such an increase "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1. The commentary includes a non-exhaustive list of examples of conduct that do not warrant application of the enhancement. One such example is "providing a false name ... at arrest, except where such conduct actually resulted in a significant hindrance to the investigation or prosecution of the instant offense." U.S.S.G. § 3C1.1, comment. (n. 4(a)). McCoy argues that the court erred in enhancing his sentence under section 3C1.1, because his use of an alias during the Fenton arrest did not significantly hinder the government's investigation. We disagree.

David O. Rizi, an agent with the Federal Bureau of Investigation, testified at sentencing that he spent the better part of a week trying to find Palmer to arrest him. After talking to Palmer's mother and wife, Rizi discovered he was pursuing the wrong person. He then obtained the fingerprint card from McCoy's arrest, sent it to a crime laboratory where McCoy's fingerprints were matched with his name, compared that fingerprint card with fingerprints on file under McCoy's name in St. Louis City, obtained another photograph of McCoy, and matched that photograph with the photograph the FBI had. The government subsequently corrected the indictment to reflect McCoy's true identity. The District Court found that McCoy's use of an alias during his Fenton arrest posed a substantial and difficult chore for law enforcement officials, and constituted a significant hindrance to the investigation and prosecution at stake.

■ We review de novo a sentencing court's determination that section 3C1.1 applies to specific conduct, but we review for clear error the court's factual findings. *See United States v. Lamere*, 980 F.2d 506, 510 (8th Cir.1992). Considering the added investigation and delay that resulted from McCoy's use of an alias during his Fenton arrest, we think the District Court did not clearly err in finding that the investigation of the bank fraud was significantly hindered. Thus, we conclude the Court correctly applied the obstruction-of-justice enhancement to McCoy. *Cf. United States v. Penn*, 974 F.2d 1026, 1029–30 (8th Cir.1992) (when defendant's false statement necessitated second interview with additional special personnel, delay and expense thereby occasioned demonstrated that defendant obstructed and impeded investigation) (applying U.S.S.G. § 3C1.1, comment. (n. 3(g)). The evidence in the record of the additional effort that was required to arrest McCoy distinguishes this case from *United States v. Manning*, 955 F.2d 770 (1st Cir.1992), which McCoy urges us to follow. *See id.* at 774–75 (district court erred in assessing section 3C1.1 enhancement where there was no showing that defendant's use of false identity at arrest caused government "to expend any additional effort which would have been unnecessary had [the defendant] used his real name"). Another distinguishing factor is that the officers in *Manning* knew when they arrested the defendant that he was not who he claimed to be. *Id.* at 775. We are also unpersuaded by McCoy's attempt to shift blame to the arresting officers by arguing that they should have taken steps to confirm his identity when he was arrested in Fenton.

■ McCoy argues alternatively—relying on section 3C1.1's reference to the "instant offense"—that his attempt to cash a counter check in Fenton was not part of the instant offense and thus could not be the basis for an obstruction-of-justice enhancement. McCoy stipulated, however, that his attempt to cash a counter check was in furtherance of the fraud scheme. Finally, we reject as meritless McCoy's argument that his use of an alias was an attempt to avoid or flee from arrest. *See* U.S.S.G. § 3C1.1, comment. (n. 4(d)) (avoiding or fleeing from arrest does not warrant application of section 3C1.1).

■ Next, McCoy argues the District Court erred in not granting him a downward adjustment in his offense level for being a minor participant. He deserves the reduction, he says, because his only role in the

offense was to cash checks and he did not fraudulently open checking accounts like some of his codefendants. The Guidelines provide for a two-level decrease in a defendant's offense level if he was a minor participant, U.S.S.G. § 3B1.2(b), i.e., "any participant who is less culpable than most other participants, but whose role could not be described as minimal," *id.*, comment. (n. 3). We review a district court's decision to deny a minor-participant reduction for clear error. *See United States v. Rayner*, 2 F.3d 286, 288 (8th Cir.1993). McCoy had the burden of proving he was entitled to the reduction. *See id.*

Agent Rizi testified at sentencing that the FBI had evidence tying McCoy to fraudulently-cashed checks in a number of states during a period between September 1992 and June 1993. Rizi also testified that a pen register of telephone lines during the course of the investigation showed thirty-one telephone calls during a two-month period from the home of one of McCoy's codefendants to the home of McCoy's mother.

Based on Rizi's testimony and the stipulation of facts, in which McCoy admitted to cashing fraudulent checks in Kentucky, Wisconsin, and Kansas, the District Court refused to find that McCoy was a minor participant. Given the evidence of his active and extensive participation in the fraud scheme, we conclude the District Court did not clearly err in denying McCoy the minor-participant reduction. In addition, we note that his check-cashing role was integral to the scheme. *See United States v. Ortiz–Martinez*, 1 F.3d 662, 678 (8th Cir.) (defendant's extensive participation in conspiracy precluded serious consideration of his request for minor-participant reduction), *cert. denied sub nom. Fuentez v. United States*, —— U.S. ——, 114 S.Ct. 355, 126 L.Ed.2d 319 (1993); *United States v. Nelson*, 988 F.2d 798, 810 (8th Cir.) (defendant played integral part in charged scheme and court did not err in denying mitigating-role reduction merely because others in scheme were more culpable), *cert. denied*, —— U.S. ——, 114 S.Ct. 302, 126 L.Ed.2d 250 (1993).

For the reasons stated, the judgment of the District Court is affirmed.