UNITED STATES of America, Appellee,

v.

Stephen Craig ST. JAMES, also known as Stephen Craig Nance, Appellant.

No. 94–1931.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 11, 1994.

Decided Oct. 24, 1994.

Virginia Guadalupe Villa, Minneapolis, MN, argued, for appellant.

Counsel who presented argument on behalf of the appellee was Carol Ann Needles, Minneapolis, MN, argued (David L. Lillehaug, Carol A. Needles and Jonathan D. Lichterman, on the brief), for appellee.

Before FAGG, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

FAGG, Circuit Judge.

After two bank robberies, police received a tip about the robber's identity. Police arrested the suspect, who was identified by witnesses and from bank surveillance photographs. The suspect, whose real name is Craig Stephen Nance, told the arresting officers he was Stephen Craig St. James. Police called in the Federal Bureau of Investigation (FBI), and Nance gave the FBI the same false name. Nance also gave the FBI a false date of birth, false social security number, false place of birth, and false residential address. Nance denied having ever used the name Craig Nance, but an FBI fingerprint comparison showed the suspect had been arrested before as Stephen Craig Nance or Craig Stephen Nance. Nance later repeated the false information to the pretrial services officer who interviewed Nance for the purpose of making a recommendation to the magistrate judge about Nance's pretrial release. Nance was not released because he had been physically identified. During the pretrial process before the magistrate judge, Nance maintained his name was St. James.

A jury convicted Nance of bank robbery. Nance's presentence report (PSR) stated Nance had "provid[ed] materially false information to a magistrate and ... law enforcement officers," and thus recommended an increase in Nance's base offense level for obstruction of justice under U.S.S.G. § 3C1.1 (Nov.1993). The district court adopted the PSR and increased St. James's base offense level for obstruction of justice. Nance appeals his sentence challenging the obstruction of justice increase. We affirm.

A district court must increase a defendant's base offense level under U.S.S.G. § 3C1.1 "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." Commentary note 4(a) to § 3C1.1 states the increase does not apply to "providing a false name or identification document at arrest, except where such

conduct actually resulted in a significant hindrance to the investigation or prosecution of the instant offense." *Id.* n. 4(a). Commentary note 3 provides a nonexhaustive list of more serious conduct to which the increase applies, including "providing materially false information to a judge or magistrate," *id.* n. 3(f), and "providing materially false information to a probation officer in respect to a presentence or other investigation for the court," *id.* n. 3(h). The nonexhaustive lists of examples in notes 3 and 4 help courts decide whether the increase should be applied in a particular case. *Id.* n. 2.

On appeal, Nance concedes he gave federal authorities a false name, social security number, and date of birth at various points in the investigation and prosecution of his case. Nevertheless, relying on note 4(a), Nance argues § 3C1.1 does not apply to him because his deceptive conduct did not significantly hinder the investigation or prosecution. We review de novo the district court's decision that § 3C1.1 applies to Nance's conduct. *United States v. McCoy,* 36 F.3d 740, 742 (8th Cir.1994).

Nance's reliance on note 4(a) is misplaced. Nance did not just "provid[e] a false name ... at arrest." U.S.S.G. § 3C1.1 n. 4(a). After his arrest, Nance lied to the FBI, the pretrial services officer, and the magistrate judge. *See United States v. Mafanya,* 24 F.3d 412, 415 (2d Cir.1994) (explaining that notes 3 and 4 focus on identity of person to whom defendant provides false information). Under the commentary, the obstruction of justice increase applied regardless of significant hindrance if Nance provided "materially false information to a ... magistrate." U.S.S.G. § 3C1.1 n. 3(f); *see United States v. Blackman,* 904 F.2d 1250, 1259 n. 11 (8th Cir.1990) (distinguishing between materiality and actual prejudice). That is the case here. Nance's identity was a material fact. *Blackman,* 904 F.2d at 1259 n. 11; *United States v. Montano-Silva,* 15 F.3d 52, 53 (5th Cir. 1994) (per curiam). Nance also provided materially false information to the pretrial services officer who was investigating Nance's pretrial release for the court. The commentary states the obstruction of justice increase applies to very similar conduct. *See* U.S.S.G.

§ 3C1.1 n. 3(h). Further, Nance lied about more than his name.

We agree with the Government that Nance's conduct is more like the conduct listed in note 3, to which § 3C1.1 applies, than the less serious conduct listed in note 4. We thus conclude Nance's conduct warranted an obstruction of justice increase even absent a showing that the false information significantly hindered the Government's efforts.

Accordingly, we affirm Nance's sentence.