**UNITED STATES of America, Appellee,**

v.

**Dennis M. CROUCH, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Charles J. MANDACINA, also known as Buddy Mandacina, Appellant.**

**Nos. 94–1939, 94–2383.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1994.

Decided Feb. 6, 1995.

Rehearing Denied in No. 94–1939 March 17, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied in No. 94–2383 March 29, 1995.

Kevin E.J. Regan, Kansas City, MO, argued, for Crouch.

Stephen Girard Mirakian, Kansas City, MO, argued (Cheryl A. Pilate, on the brief), for Mandacina.

Paul S. Becerk, Asst. U.S. Atty., Kansas City, MO, argued, for appellee.

Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.

FAGG, Circuit Judge.

This case arises from gun sales by Dennis M. Crouch and Charles J. Mandacina to a group of three men who robbed banks together: Thomas Earlywine, Terrence Dodds, and Patrick McGuire, a formerly convicted felon. Based on the sales, a jury convicted Crouch and Mandacina of conspiracy to commit armed robbery. The jury found Crouch not guilty of other charges, but found Mandacina guilty of aiding and abetting firearm sales to a convicted felon, aiding and abetting two armed bank robberies in Oklahoma and Nebraska, aiding and abetting the use of firearms during the Oklahoma and Nebraska robberies, and supplying a firearm to a convicted felon. Crouch and Mandacina appeal their convictions, and Mandacina also appeals his sentence. We affirm.

Viewing the evidence and the reasonable inferences from the evidence in the light most favorable to the verdict, a jury could reasonably find the following facts. Mandacina, the owner of a restaurant in Kansas City, began selling guns to McGuire and Earlywine in 1987. Mandacina knew McGuire and Earlywine were using the guns to commit robberies. Dodds, McGuire's brother-in-law, joined the two robbers in July 1989. McGuire developed a master plan for robbing banks and the three men began to commit bank robberies across the country using guns supplied by Mandacina. The robbers returned to Kansas City whenever they needed more guns. In January 1990 a woman named Brock DeCastrogiovannimausolf (Brock) introduced McGuire to her boyfriend Crouch, who owned a gun shop in Kansas City. Crouch initially refused to sell guns to McGuire. After Mandacina's cousin intervened on McGuire's behalf, however, Crouch sold McGuire some guns. Following the sale, Crouch warned Brock not to associate

with McGuire because he was a bank robber and a murderer. A few days later, the robbers robbed a bank in Omaha, Nebraska using a gun they obtained from Crouch. In August 1990 Mandacina loaned the robbers a gun and money to finance a trip for another bank robbery. After robbing a bank in Warr Acres, Oklahoma with Mandacina's gun, the robbers returned to Kansas City, gave back the gun, repaid the loan, and paid Mandacina several thousand dollars as his share of the robbery proceeds. The robberies continued until December 1990 when McGuire and Dodds were arrested during a bank robbery.

■ Crouch first asserts the evidence was insufficient to support his conspiracy conviction. To convict a defendant of conspiracy, the Government must show there was an agreement to achieve an illegal purpose, the defendant knew of the agreement, and the defendant intentionally joined the conspiracy. *United States v. Agofsky*, 20 F.3d 866, 870 (8th Cir.), *cert. denied*, —— U.S. ——, 115 S.Ct. 280, 130 L.Ed.2d 196, *and cert. denied*, —— U.S. ——, 115 S.Ct. 363, 130 L.Ed.2d 316 (1994). Crouch asserts he lacked the necessary knowledge of the agreement and intent to join the agreement. According to Crouch, evidence of his single sale of guns to McGuire in January 1990 is not enough to show he intentionally joined an agreement to supply guns for robberies carried out between January 1987 and March 1992, the conspiracy's time frame as charged in the indictment. We reject Crouch's assertions.

■ A person intentionally joins a conspiracy when the person knowingly contributes efforts in furtherance of the conspiracy's objectives. *United States v. Burchinal*, 657 F.2d 985, 990 (8th Cir.), *cert. denied*, 454 U.S. 1086, 102 S.Ct. 646, 70 L.Ed.2d 622 (1981). A person may join a conspiracy after its inception when, with knowledge of the conspiracy's existence, the person sells conspirators supplies necessary for the conspiracy's operation. *See id.* n. 2; *see also United States v. Montanye*, 962 F.2d 1332, 1341 (8th Cir.1992) (delivery of glassware necessary for methamphetamine laboratory sufficient to support conviction for conspiracy to manufacture methamphetamine), *on reh'g in part,*

996 F.2d 190 (1993) (en banc). Based on Crouch's warnings to Brock about McGuire and Crouch's discussions with Mandacina's cousin before the January 1990 gun sale, the jury could reasonably infer Crouch knew of the conspiracy to commit robberies and intentionally joined the conspiracy by selling McGuire guns.

■ Crouch and Mandacina assert the evidence showed multiple conspiracies to commit armed robberies rather than the single conspiracy charged because the robbers testified each robbery was separately planned. Crouch and Mandacina assert this variance between the evidence and the indictment prejudiced them. In reviewing these assertions, we must decide whether the totality of the evidence showed one overall agreement to achieve a common objective with individuals performing different functions, or more than one agreement, each with a separate objective. *United States v. Davis*, 882 F.2d 1334, 1342 (8th Cir.1989), *cert. denied*, 494 U.S. 1027, 110 S.Ct. 1472, 108 L.Ed.2d 610 (1990). Viewing the evidence in the light most favorable to the verdict, *United States v. Adipietro*, 983 F.2d 1468, 1475 (8th Cir. 1993), a reasonable jury could find one overall agreement to commit armed robberies with the conspirators performing different functions. McGuire, Earlywine, and Dodds participated in the robberies, and Mandacina and Crouch provided the necessary guns. Because the evidence showed a single conspiracy, we reject Crouch's related contention that the district court should have instructed the jury on multiple conspiracies. *Davis*, 882 F.2d at 1341–42.

■ Crouch next contends the district court abused its discretion in denying cross-examination of Earlywine about murder charges that would have been filed against him if he had not cooperated with the Government. Because Earlywine was cross-examined extensively about other possible penalties for his failure to cooperate, the district court did not abuse its discretion in refusing more cross-examination along the same lines. *See United States v. Smith*, 49 F.3d 362, 365 (8th Cir.1995). The jury could appropriately draw inferences about Earlywine's reliability

from the permitted cross-examination. *See id.*

 Crouch also contends the district court erroneously admitted evidence of his earlier illegal gun sales to indicted persons during the Government's case-in-chief. The district court admitted the evidence under Federal Rule of Evidence 404(b) to show Crouch's motive, opportunity, intent, knowledge, and preparation or plan to commit the crimes charged. The district court has broad discretion to admit evidence of other crimes under Rule 404(b) unless the evidence tends to prove only the defendant's criminal disposition. *United States v. Sykes,* 977 F.2d 1242, 1246 (8th Cir.1992). Evidence of other crimes is admissible if it is, among other things, relevant to a material issue and more probative than prejudicial. *Id.* Crouch contends the evidence was not relevant to show his intent because he denied making the January 1990 gun sale to McGuire. *See United States v. Manafzadeh,* 592 F.2d 81, 86–87 (2d Cir.1979). We have consistently held Rule 404(b) evidence is admissible to show intent during the Government's case-in-chief, however, even if the defendant plans to present a general denial defense. *United States v. Miller,* 974 F.2d 953, 960 (8th Cir.1992) (citing Eighth Circuit cases). *Cf. United States v. Jenkins,* 7 F.3d 803, 806–07 (8th Cir.1993) (Rule 404(b) evidence is inadmissible to show intent during rebuttal when the defendant denied committing the criminal act).

 We conclude the district court properly admitted the Rule 404(b) evidence. The evidence of Crouch's earlier illegal gun sales showed Crouch had opportunity because he possessed a large number of uninventoried guns that could be sold to a felon like McGuire without being traced or detected. The evidence also showed Crouch's common scheme to sell firearms to prohibited persons. The district court did not abuse its discretion in admitting the evidence for these purposes and, contrary to Crouch's assertion, in concluding the evidence's probative value was not substantially outweighed by the danger of unfair prejudice. The record also shows the Government properly notified Crouch of its intent to offer the evidence under Rule 404(b) and Crouch was not prejudiced by the district court's denial of Crouch's motion for a continuance to study the evidence. Thus, the district court did not abuse its discretion in denying the motion for a continuance. *See United States v. Trupiano,* 11 F.3d 769, 774 (8th Cir.1993) (standard of review).

 Based on the court's decision to allow evidence of Crouch's earlier weapon sales, Mandacina argues the district court should have granted his motion to sever. We reverse a denial of a motion to sever only when the defendant shows an abuse of discretion that resulted in severe prejudice. *United States v. McGuire,* 45 F.3d 1177, 1187 (8th Cir.1995). Mandacina has not shown he was severely prejudiced by introduction of the evidence against Crouch. Crouch's earlier weapon sales did not involve Mandacina and the district court minimized any prejudice to Mandacina by instructing the jury that the evidence of Crouch's sales should not be considered when deciding the case against Mandacina. *See id.* at 1187–88. We thus conclude the district court properly denied Mandacina's motion to sever.

 Mandacina next attacks the jury instructions. Mandacina asserts the district court should have given his proposed instruction on aiding and abetting an armed robbery, which would have required the jury to find that a weapon Mandacina sold was taken into the banks and used during the robberies. Mandacina also asserts the jury instruction on aiding and abetting the use of a firearm during the robberies should have required the jury to find that a firearm Mandacina supplied was carried into the bank during the robbery. Because the proposed instructions do not correctly state the law, Mandacina was not entitled to have the instructions given to the jury. *United States v. Akers,* 987 F.2d 507, 513 (8th Cir.1993).

 Mandacina also contends the instruction on the Oklahoma bank robbery was incorrect because it lacked aiding and abetting language. The Government counters that the aiding and abetting language in instruction 39 applied to both the Oklahoma

and Nebraska robberies. Although instruction 39 specifically refers only to the Nebraska robbery, instruction 16 informed the jury that the indictment charged Mandacina with aiding and abetting the Oklahoma robbery. Taken as a whole, the instructions adequately informed the jury that Mandacina was charged with aiding and abetting the Oklahoma robbery, and of the elements necessary to find Mandacina guilty of aiding and abetting that robbery.

Last, Mandacina contends the district court should have adjusted his sentence downward for minor or minimal participation in the bank robberies. *See* U.S.S.G. § 3B1.2 (1994). Even though Mandacina did not actively participate in the robberies, he repeatedly supplied guns to the bank robbers, completely financed and armed one of the robberies, and later shared in that robbery's proceeds. Thus, the district court did not commit clear error in denying the adjustment. *See United States v. McCoy*, 36 F.3d 740, 743 (8th Cir.1994) (standard of review).

Having considered and rejected all of Crouch's and Mandacina's arguments, we affirm the district court.