69 F.3d 542
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
David BEELER, Appellant.
 No. 95-2344.
 United States Court of Appeals, Eighth Circuit.
 Nov. 6, 1995.
 
 Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 David Beeler appeals his 15-month sentence imposed by the district court[1] after he pleaded guilty to knowingly receiving--by computer--material involving the sexual exploitation of minors, in violation of 18 U.S.C. Sec. 2252(a)(2). For reversal, Beeler argues only that the district court erred in finding he was not eligible for a two-level role reduction for being a minor participant under U.S.S.G. Sec. 3B1.2. We affirm.
 
 
 2
 Section 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. Sec. 3B1.2, comment. (backg'd.). While we review the denial of a minor-role reduction under the clearly-erroneous standard, United States v. Rayner, 2 F.3d 286, 288 (8th Cir.1993), the interpretation of the scope of a Guideline is a question of law which we review de novo, United States v. Polanco, 53 F.3d 893, 895 (8th Cir.1995), petition for cert. filed, No. 95-5022 (U.S. June 29, 1995).
 
 
 3
 At sentencing, the undisputed facts presented to the district court showed that in addition to receiving child pornography, Beeler also distributed child pornography materials via his computer. Because Beeler received a lower total offense level for receiving than he would have had he been charged with distribution, compare U.S.S.G. Sec. 2G2.2(a) (base offense level 15 for receiving child pornography) with U.S.S.G. Sec. 2G2.2(b)(2) (increase base offense no less than five levels if offense involved distribution), we conclude the district court properly denied Beeler the role reduction. See U.S.S.G. Sec. 3B1.2, comment. (n.4) (role reduction under Sec. 3B1.2 ordinarily not warranted if defendant "received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct"); United States v. Lucht, 18 F.3d 541, 556 (8th Cir.), cert. denied, 115 S.Ct. 363 (1994). Accordingly, we need not address Beeler's claim that he was entitled to the role reduction because he was involved in an ongoing criminal enterprise with other "participants. "
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas