_____

No. 95-1576
_____

United States of America,      *
                               *
            Appellee,          *
                               *  Appeal from the United States
      v.                       *  District Court for the
                               *  Eastern District of Missouri.
James Ward,                    *
                               *       **[UNPUBLISHED]**
            Appellant.         *

_____

                Submitted:  November 28, 1995

                   Filed:  December 11, 1995
_____

Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.


      James Ward pleaded guilty to conspiring to distribute and possess
with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1)
and 846.  The district court[1] sentenced him to seventy months in prison and
four years supervised release.  On appeal, Ward argues the district court
erred in assessing an enhancement for possessing a firearm, and in denying
a minor-participant role reduction.  See U.S.S.G. §§ 2D1.1(b)(1); 3B1.2(b).
We affirm.


      The district court's findings that a defendant warrants a firearm
possession enhancement and is not entitled to a  "minor participant"
reduction will not be reversed unless clearly erroneous.  See United States
v. Richmond, 37 F.3d 418, 419 (8th Cir. 1994), cert. denied, 115 S. Ct.
1163 (1995); United States v.

_____

      [1]The HONORABLE CHARLES A. SHAW, United States District Judge
for the Eastern District of Missouri.

<u>Rayner</u>, 2 F.3d 286, 288 (8th Cir. 1993). The government must prove by a preponderance of the evidence that defendant warrants a firearm enhancement, which is assessed if "it is not clearly improbable that the weapon had a nexus with [drug trafficking] activity." <u>Richmond</u>, 37 F.3d at 419. Defendant must prove he is entitled to a reduction for minor participant role in the offense.

After carefully reviewing the record, we conclude that the district court's findings are not clearly erroneous. Police found numerous firearms, heroin, and drug paraphernalia in the upstairs portion of a house in St. Louis that Ward shared with a more culpable conspirator, which justified the finding of a nexus between the firearms and the illegal drug activities of both conspirators. <u>Compare</u> <u>Richmond</u>, 37 F.3d at 420; <u>United States v. Williams</u>, 10 F.3d 590, 595-96 (8th Cir. 1993); <u>United States v. Hammer</u>, 3 F.3d 266, 270 (8th Cir. 1993), <u>cert. denied</u>, 114 S. Ct. 1121 (1994); <u>United States v. Turpin</u>, 920 F.2d 1377, 1386 (8th Cir. 1990), <u>cert. denied</u>, 499 U.S. 953 (1991). In addition to receiving packages of heroin from California and delivering them to his more culpable conspirator, Ward assisted in local distribution of the heroin, which justified denying the § 3B1.2(b) reduction. <u>Compare</u> <u>United States v. Abanatha</u>, 999 F.2d 1246, 1250 (8th Cir. 1993), <u>cert denied</u>, 114 S. Ct. 1549 (1994).

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.