72 F.3d 134
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
James WARD, Appellant.
 No. 95-1576.
 United States Court of Appeals, Eighth Circuit.
 Submitted Nov. 28, 1995.
Filed Dec. 11, 1995.
 
 Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 James Ward pleaded guilty to conspiring to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. The district court[1] sentenced him to seventy months in prison and four years supervised release. On appeal, Ward argues the district court erred in assessing an enhancement for possessing a firearm, and in denying a minor-participant role reduction. See U.S.S.G. Secs. 2D1.1(b)(1); 3B1.2(b). We affirm.
 
 
 2
 The district court's findings that a defendant warrants a firearm possession enhancement and is not entitled to a "minor participant" reduction will not be reversed unless clearly erroneous. See United States v. Richmond, 37 F.3d 418, 419 (8th Cir.1994), cert. denied, 115 S.Ct. 1163 (1995); United States v. Rayner, 2 F.3d 286, 288 (8th Cir.1993). The government must prove by a preponderance of the evidence that defendant warrants a firearm enhancement, which is assessed if "it is not clearly improbable that the weapon had a nexus with [drug trafficking] activity." Richmond, 37 F.3d at 419. Defendant must prove he is entitled to a reduction for minor participant role in the offense.
 
 
 3
 After carefully reviewing the record, we conclude that the district court's findings are not clearly erroneous. Police found numerous firearms, heroin, and drug paraphernalia in the upstairs portion of a house in St. Louis that Ward shared with a more culpable conspirator, which justified the finding of a nexus between the firearms and the illegal drug activities of both conspirators. Compare Richmond, 37 F.3d at 420; United States v. Williams, 10 F.3d 590, 595-96 (8th Cir.1993); United States v. Hammer, 3 F.3d 266, 270 (8th Cir.1993), cert. denied, 114 S.Ct. 1121 (1994); United States v. Turpin, 920 F.2d 1377, 1386 (8th Cir.1990), cert. denied, 499 U.S. 953 (1991). In addition to receiving packages of heroin from California and delivering them to his more culpable conspirator, Ward assisted in local distribution of the heroin, which justified denying the Sec. 3B1.2(b) reduction. Compare United States v. Abanatha, 999 F.2d 1246, 1250 (8th Cir.1993), cert denied, 114 S.Ct. 1549 (1994).
 
 
 4
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The HONORABLE CHARLES A. SHAW, United States District Judge for the Eastern District of Missouri