_____

No. 95-1497
_____

United States of America,      *
                               *
          Appellee,            *
                               *   Appeal from the United States
     v.                        *   District Court for the
                               *   Eastern District of Missouri.
Shawn Burrell, also known as   *
Shane Bunnell,                 *        **[UNPUBLISHED]**
                               *
          Appellant.           *

_____

          Submitted:  November 7, 1995

             Filed:  December 14, 1995
_____

Before FAGG, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

Shawn Burrell pleaded guilty to conspiring to distribute and to possess with intent to distribute cocaine and cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court[1] sentenced Burrell to 156 months imprisonment and five years supervised release. He appeals his sentence, and we affirm.

At sentencing, Burrell argued that he was entitled to a minor-participant reduction under U.S.S.G. § 3B1.2, because he acted merely as a "temporary assistant" in the offense. The district court disagreed and refused to grant the reduction. Burrell argues that this refusal was error. The presentence report (PSR)

_____

[1]The HONORABLE STEPHEN N. LIMBAUGH, United States District Judge for the Eastern District of Missouri.

indicates that Burrell's role in the conspiracy was to hold the narcotics and distribute them, and that he was an active participant.  We also note that the district court calculated Burrell's base offense level based only on the quantity of crack and cocaine he was carrying when he was apprehended by authorities.  We see no clear error in the district court's denial of the section 3B1.2 reduction.  See United States v. Rayner, 2 F.3d 286, 288 (8th Cir. 1993) (standard of review); United States v. Lampkins, 47 F.3d 175, 180-81 (7th Cir.), cert. denied, 115 S. Ct. 1440, 1810 (1995); United States v. Abanatha, 999 F.2d 1246, 1250 (8th Cir. 1993), cert denied, 114 S. Ct. 1549 (1994).

Burrell also argues that his criminal history category over-represented the seriousness of his past criminal conduct, and that the district court therefore erred in refusing to depart downward at sentencing under U.S.S.G. § 4A1.3.  Because the record shows the court was aware of its authority to depart downward under section 4A1.3, its discretionary decision not to do so is unreviewable.  See United States v. Hall, 7 F.3d 1394, 1396 (8th Cir. 1993).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.