_____

No. 95-3955
_____

United States of America,                    *
                                              *
            Appellee,                         *
                                              *
      v.                                      *
                                              *
Mary Nathell Jones,                           *
                                              *
            Appellant.                        *


_____

No. 95-3958
_____

United States of America,                    *
                                              *
            Appellee,                         *
                                              *
      v.                                      *   Appeals from the United States
                                              *   District Court for the
Cheril R. Simpson, also known                 *   Western District of Missouri.
as Cheril Simms, also known                   *
as Cheryl Simpson,                            *        [UNPUBLISHED]
                                              *
            Appellant.                        *


_____

No. 95-3955
_____

United States of America,                    *
                                              *
            Appellee,                         *
                                              *
      v.                                      *
                                              *
Cherie Lynn Stansbury,                        *
                                              *
            Appellant.                        *

Submitted:  June 6, 1996

Filed:  June 11, 1996

Before McMILLIAN, WOLLMAN, MURPHY, Circuit Judges.

PER CURIAM.


Mary Nathell Jones, Cheril R. Simpson, and Cherie Lynn Stansbury were involved in a scheme in which they purchased merchandise with "reject" checks.  Defendants pleaded guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 371, 1344; Stansbury also pleaded guilty to making false statements to a financial institution, in violation of 18 U.S.C. § 1014.  At sentencing, the district court[1]--in addition to imposing terms of imprisonment and supervised release--ordered the defendants, jointly and severally, to pay $102,891 in restitution.  The court also denied Jones a mitigating-role reduction.  Defendants appeal, and we affirm.


Contrary to defendants' assertions, the district court did not err by ordering restitution.  See 18 U.S.C. § 3663(a)(1); see also U.S.S.G. § 5E1.1(a)(1); United States v. Manzer, 69 F.3d 222, 229 (8th Cir. 1995) (district court has right to order restitution even though defendant is indigent at time sentence is imposed).  Nor did the district court abuse its discretion in setting restitution at the figure the court determined to be the amount of loss.  See United States v. French, 46 F.3d 710, 716 (8th Cir. 1995) (standard of review); see also 18 U.S.C. § 3663(a) (court may order defendant to pay restitution to any victim; "victim" means any person directly harmed by defendant's criminal conduct).

---

[1]The Honorable H. Dean Whipple, United States District Judge for the Western District of Missouri.

Finally, considering Jones's role in the entire conspiracy, <u>see</u> <u>United States v. Westerman</u>, 973 F.2d 1422, 1427-28 (8th Cir. 1992), we conclude the district court did not clearly err by denying her a mitigating-role reduction under U.S.S.G. § 3B1.2(b). <u>See</u> <u>United States v. Rayner</u>, 2 F.3d 286, 288 (8th Cir. 1993) (standard of review); <u>United States v. Abanatha</u>, 999 F.2d 1246, 1250 (8th Cir. 1993) (sentencing court properly denied § 3B1.2(b) reduction where defendant was active participant in conspiracy), <u>cert. denied</u>, 114 S. Ct. 1549 (1994).

The judgments are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.