89 F.3d 842
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Mary Nathell JONES, Appellant.
UNITED STATES of America, Appellee,
v.
Cheril R. SIMPSON, also known as Cheril Simms, also known as
Cheryl Simpson, Appellant.
UNITED STATES of America, Appellee,
v.
Cherie Lynn STANSBURY, Appellant.
 Nos. 95-3955, 95-3958.
 United States Court of Appeals, Eighth Circuit.
 Submitted June 6, 1996.
Filed June 11, 1996.
 
 Before McMILLIAN, WOLLMAN, MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mary Nathell Jones, Cheril R. Simpson, and Cherie Lynn Stansbury were involved in a scheme in which they purchased merchandise with "reject" checks. Defendants pleaded guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 371, 1344; Stansbury also pleaded guilty to making false statements to a financial institution, in violation of 18 U.S.C. § 1014. At sentencing, the district court[1]--in addition to imposing terms of imprisonment and supervised release--ordered the defendants, jointly and severally, to pay $102,891 in restitution. The court also denied Jones a mitigating-role reduction. Defendants appeal, and we affirm.
 
 
 2
 Contrary to defendants' assertions, the district court did not err by ordering restitution. See 18 U.S.C. § 3663(a)(1); see also U.S.S.G. § 5E1.1(a)(1); United States v. Manzer, 69 F.3d 222, 229 (8th Cir.1995) (district court has right to order restitution even though defendant is indigent at time sentence is imposed). Nor did the district court abuse its discretion in setting restitution at the figure the court determined to be the amount of loss. See United States v. French, 46 F.3d 710, 716 (8th Cir.1995) (standard of review); see also 18 U.S.C. § 3663(a) (court may order defendant to pay restitution to any victim; "victim" means any person directly harmed by defendant's criminal conduct).
 
 
 3
 Finally, considering Jones's role in the entire conspiracy, see United States v. Westerman, 973 F.2d 1422, 1427-28 (8th Cir.1992), we conclude the district court did not clearly err by denying her a mitigating-role reduction under U.S.S.G. § 3B1.2(b). See United States v. Rayner, 2 F.3d 286, 288 (8th Cir.1993) (standard of review); United States v. Abanatha, 999 F.2d 1246, 1250 (8th Cir.1993) (sentencing court properly denied § 3B1.2(b) reduction where defendant was active participant in conspiracy), cert. denied, 114 S.Ct. 1549 (1994).
 
 
 4
 The judgments are affirmed.
 
 
 
 [1]
 The Honorable H. Dean Whipple, United States District Judge for the Western District of Missouri