89 F.3d 842
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Charles D. MOSLEY, Appellant.
 No. 95-3952.
 United States Court of Appeals, Eighth Circuit.
 Submitted June 6, 1996.
Decided June 13, 1996.
 
 Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 After Charles D. Mosley pleaded guilty to distributing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860, the district court[1] sentenced him to 120 months imprisonment and six years supervised release. Mosley appeals his conviction and sentence. We affirm.
 
 
 2
 Mosley first argues that the district court erred in assessing against him an obstruction-of-justice enhancement, contending that the conduct on which the enhancement was based consisted only of instinctive flight to avoid arrest. See U.S.S.G. § 3C1.1 comment. (n.4(d)) (example of conduct to which enhancement does not apply is "avoiding or fleeing from arrest"). We disagree. At sentencing, a police officer testified that, while Mosley was waiting to be booked after he had been given an arrest warrant for the offense underlying his indictment, Mosley escaped on foot from the law enforcement center, and eluded authorities for twenty-six days. Based on the district court's factual finding that Mosley had escaped from custody and eluded authorities for days--a finding we do not find clearly erroneous--the court did not err in applying the enhancement. See U.S.S.G. § 3C1.1 comment. (n.3(e)) (example of conduct to which obstruction enhancement applies is "escaping or attempting to escape from custody before trial or sentencing"); United States v. McCoy, 36 F.3d 740, 742 (8th Cir.1994) (district court's determination that § 3C1.1 applies to specific conduct is reviewed de novo while underlying factual findings are reviewed for clear error); United States v. Walcott, 61 F.3d 635, 639 (8th Cir.1995) (enhancement proper where defendant knew of indictment, fled, changed residences and appearance, used alias, and refused to surrender, requiring use of force to arrest him), cert. denied, 116 S.Ct. 953 (1996).
 
 
 3
 Mosley also argues that his first counsel (who withdrew before sentencing) provided ineffective assistance in advising Mosley regarding the plea agreement and Mosley's guilty plea. Although we generally do not review ineffective-assistance claims on direct appeal, the facts underlying the claim were developed below during a hearing on Mosley's unsuccessful motion to withdraw his guilty plea, and the government does not object to our consideration of the claim on direct appeal. See United States v. Ford, 918 F.2d 1343, 1350 (8th Cir.1990).
 
 
 4
 A defendant claiming ineffective assistance of counsel in relation to his guilty plea must show that counsel performed deficiently, and that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). After reviewing the hearing testimony of both Mosley and his former attorney, and the district court's findings discrediting Mosley's testimony that counsel had misled him, we conclude that Mosley has failed to show either that counsel's advice was deficient, or that there is a "reasonable probability" he would have insisted on going to trial but for the alleged deficient advice.
 
 
 5
 Finally, Mosley's challenges to the crack cocaine sentencing provisions are foreclosed by circuit precedent. See United States v. Jackson, 64 F.3d 1213, 1219-20 (8th Cir.1995), cert. denied, 116 S.Ct. 966 (1996).
 
 
 6
 Accordingly, Mosley's conviction and sentence are affirmed.
 
 
 
 [1]
 The Honorable Michael J. Melloy, Chief Judge, United States District Court for the Northern District of Iowa