UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                         No. 00-4110

ANTHONY WADE SIMMONDS,
           *Defendant-Appellant.*

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                         No. 00-4171

TALITA JAMES, a/k/a Simone
Shannon Dorrell,
           *Defendant-Appellant.*

Appeals from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, District Judge.
(CR-99-38)

Submitted: December 20, 2000

Decided: January 16, 2001

Before WIDENER, LUTTIG, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

William P. Robinson, Jr., ROBINSON, NEELEY & ANDERSON, Norfolk, Virginia; J. Lloyd Snook, III, SNOOK & HAUGHEY, P.C., Charlottesville, Virginia, for Appellants. Robert P. Crouch, Jr., United States Attorney, Bruce A. Pagel, Assistant United States Attorney, Charlottesville, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Anthony Wade Simmonds appeals his conviction and sentence to eighty-seven months imprisonment after a jury found him guilty of conspiracy to distribute and to possess with intent to distribute crack cocaine, and possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) & 846 (1994). Talita James appeals her sentence to seventy-two months imprisonment after she pled guilty to conspiracy to distribute and to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846 (1994).

Simmonds and James were arrested following a consensual search of their hotel room that led to the discovery of twenty-two grams of cocaine base, a pager, electronic scale and razor blade. In the initial encounter with police, and until her arraignment, James told the authorities that her name was Simone Shannon Dorrell.

Simmonds contends that the evidence was insufficient to establish his guilt of either count of the indictment. A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). In determining whether the evidence in the record is substantial, this Court views the evidence in the light most favorable to the government, and

inquires whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. *United States v. Burgos*, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, this Court does not review the credibility of the witnesses and assumes that the jury resolved all contradictions in the testimony in favor of the government. *See United States v. Romer*, 148 F.3d 359, 364 (4th Cir. 1998), *cert. denied*, 525 U.S. 1141 (1999).

Our review of the record convinces us that the evidence was sufficient to establish Simmonds' guilt beyond a reasonable doubt. The evidence established several instances of crack cocaine sales by Simmonds and James when the other was present. The pager used by Simmonds in his drug sales was owned by James. Simmonds and James were discovered in a hotel room they shared where a large quantity of crack cocaine and cash were hidden, and Simmonds was aware of the location of the money. Finally, only one set of scales and one razor blade were found in the hotel room, indicating common use of these tools of the drug trade.

At sentencing, James objected to a two point enhancement of her offense level for obstruction of justice. James used an alias, Simone Shannon Dorrell, at the time of her arrest, at her initial appearance before a magistrate, at the pretrial services interview, and at her bond hearing. A pretrial services report was prepared using her alias. Her true identity was only disclosed after the Assistant United States Attorney informed the court at her bond hearing that she was possibly subject to a detainer from Colorado under her true name. On appeal, James argues that the enhancement was improper because there was no indication that her use of the alias caused any harm or hindrance to the Government or benefit to her, and therefore she did not provide materially false information.

This Court must give due deference to the sentencing court's application of the guidelines to the facts. 18 U.S.C. § 3742 (1994). When the issue is primarily a factual one, as here, we employ a clearly erroneous standard of review. *United States v. Daughtrey*, 874 F.2d 213, 217 (4th Cir. 1989).

A two level enhancement for obstruction of justice is proper where a defendant provides materially false information to a judge, magistrate judge, or probation officer. USSG* § 3C1.1, comment. (n.4(f), (h)) (1998). Information is considered material if it has the potential to influence or affect the issue under determination, including the term of incarceration or conditions of release. *See* USSG § 3C1.1, comment. (n.6). The defendant's identity is a material fact. *See United States v. St. James*, 38 F.3d 987, 988 (8th Cir. 1994); *United States v. Blackman*, 904 F.2d 1250, 1259 n.1 (8th Cir. 1990). The district court did not err in including the enhancement for obstruction of justice in determining James' sentence.

Accordingly, we affirm the convictions and sentences of Simmonds and James. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*\*U. S. Sentencing Guidelines Manual* (1998).