USCA1 Opinion

 

 UNITED STATES OF COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1053 UNITED STATES, Appellee, v. JUAN JOSE RESTREPO, A/K/A JAIME VALENCIA, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Mark L. Wolf, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Anthony M. Cardinale and Nicholas J. DiMauro on brief for  ____________________ ___________________ appellant. Donald K. Stern, United States Attorney, and Emily R. Schulman, _______________ __________________ Assistant United States Attorney, on brief for appellee. ____________________ March 24, 1995 ____________________ Per Curiam. Defendant-appellant Jaime Valencia pled ___________ guilty to conspiracy to possess cocaine with intent to distribute it. See 21 U.S.C. 846. The district court ___ sentenced appellant to 188 months imprisonment followed by a period of supervised release. Valencia now appeals, arguing that the district court erred in increasing his offense level under U.S.S.G. 3C1.1 for obstruction of justice. For the following reasons, we affirm. I. Valencia was arrested on August 31, 1991 following a government "sting" operation. On September 3, 1991, prior to his initial appearance before a magistrate judge, a pretrial services officer interviewed him for the purpose of making a recommendation about his pretrial release. Valencia provided false identifying information during this interview, including the false name "Juan Jose Restrepo." The pretrial services officer prepared a report which stated that "a record check reveals no criminal history." The report, however, recommended that Valencia, referred to as "Restrepo," be detained on the grounds that he presented a risk of flight and danger to the community. At the initial appearance, the government moved for a detention hearing under 18 U.S.C. 3142(f). This hearing was held before the magistrate judge on September 11, 1991. When asked to spell his name, Valencia, who was under oath, -2- responded, "R-E-S-T-R-E-P-O." Counsel for Valencia cross- examined the government's sole witness, Special Agent Russell Protentis. At the conclusion of the hearing, Valencia consented to the entry of an order of detention, reserving his right to produce conditions of release at a later time. On February 7, 1992, an FBI investigation revealed his true identity, as well as the fact that he was a fugitive from drug and firearm charges in New York. Valencia pled guilty on April 8, 1993. His presentence investigative report recommended a two level increase under U.S.S.G. 3C1.1 for obstruction of justice. A sentencing hearing was conducted, and sentence was imposed, on November 9, 1993. The district court found that at least two events made an upward adjustment under 3C1.1 appropriate. The first event was Valencia's identification of himself as "Restrepo" in his interview with the pretrial services officer. The second event was his giving the false name, under oath, at the outset of the detention hearing when "detention was still an open issue." II. Pursuant to 3C1.1, the sentencing court shall increase the offense level by two "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." One type -3- of conduct to which this enhancement applies is providing "materially false information to a . . . magistrate." U.S.S.G. 3C1.1, comment. n. 3(f). An obstruction of justice increase is also warranted when a defendant provides materially false information to a pretrial services officer who is conducting a bail investigation for the court. See ___ United States v. St. James, 38 F.3d 987, 988 (8th Cir. 1994) _____________ _________ (observing that commentary note 3(h) describes very similar conduct). A material statement is a "statement . . . that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. 3C1.1, comment. n. 5. Valencia argues that his false identification of himself as "Restrepo" to the pretrial services officer did not warrant an enhancement under 3C1.1. In particular, he contends that the officer's investigation was not impeded, and could not be impeded, since a routine fingerprint analysis performed by the FBI revealed his true identity. This argument is misplaced. Although materially false statements made to law enforcement officials do not warrant an enhancement unless they "significantly obstructed or impeded the official investigation or prosecution of the instant offense," see U.S.S.G. 3C1.1 n.3(g), the same is ___ not true of materially false statements made to probation officers and, by analogy, pretrial services officers, in respect to an investigation for the court, see U.S.S.G.  ___ -4- 3C1.1, comment. n. 3(h); United States v. St. Cyr, 977 F.2d _____________ _______ 698, 705 & n.6 (1st Cir. 1992). Accordingly, no showing that pretrial services' investigation was significantly obstructed was required.1 We add that Valencia's true identity was material to the officer's investigation, even if the false information he provided did not ultimately affect the officer's recommendation. His deliberate misrepresentation had the potential to do so. No more is required. Cf. United States ___ _____________ v. Harrison, 42 F.3d 427, 430 (7th Cir. 1994) (holding that ________ whether the magistrate judge ultimately relied on defendant's false statement in ordering his detention is not relevant to the application of the enhancement); United States v. ______________ Mafanya, 24 F.3d 412, 415 (2d Cir. 1994) (affirming _______ enhancement where defendant appeared before the magistrate judge using a false identity even though his true identity was discovered before the detention hearing).  ____________________ 1. We note that Valencia's true identity was not discovered until some months after the pretrial services officer prepared his report and made his recommendation to the magistrate judge. Because Valencia provided a false name, the officer's report contained inaccurate information about his criminal history. Such reports must be prepared quickly and, in any event, prior to the detention hearing. See 18 ___ U.S.C. 3154 (requiring the pretrial services officer to collect, verify, and report information pertaining to the pretrial release of a defendant "prior to the pretrial release hearing.") Under the circumstances, although we do not rely upon it, we think that Valencia's deception actually impeded the officer in the performance of his task. -5- In sum, we conclude that Valencia's false statements to the pretrial services officer justified the enhancement under 3C1.1. Under the circumstances, we need not reach the issue whether his identification of himself as "Restrepo" at the detention hearing could constitute an obstruction of justice in light of the fact that he assented to detention. Accordingly, the judgment below is affirmed. See Loc. R. ________ ___ 27.1. -6-