[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1019

 UNITED STATES,

 Appellee,

 v.

 CARLOS GAGOT,
 a/k/a Pucho,
 a/k/a Jose Muniz,
 a/k/a Roberto Carlos Diaz,
 a/k/a Jose Miguel Perez,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Stahl, Circuit Judge.

 Jennifer A. Appleyard on brief for appellant.
 Donald K. Stern, United States Attorney, and Patrick M.
Hamilton, Assistant U.S. Attorney, on Motion for Summary
Disposition for appellee.

May 7, 1999

 Per Curiam. Defendant appeals a sentence imposed
upon his guilty plea to a five count indictment charging him
with conspiracy and attempt to possess cocaine with intent to
distribute the drug. He claims that the court erred in
imposing a two level role-in-the-offense increase under USSG 
3B1.1(c), and a two level increase for obstruction of justice
under USSG 3C1.1. The government has moved for a summary
affirmance.
 Defendant did not object at sentencing to the
enhancement under 3B1.1(c), despite notice that it was
recommended in the probation services report ("PSR"), and the
court's announced intention to impose it, so our review is for
"plain error." See United States v. Olano, 507 U.S. 725
(1993). There was no plain error. 
 The PSR contained detailed, clear and uncontradicted
evidence that during one of the charged transactions defendant
"superintend[ed] the activities of" at least one other person, 
his pregnant teenage girlfriend. United States v. Cruz, 120
F.3d 1, 2 (1st Cir. 1997) (en banc), cert. denied, 118 S. Ct.
729 (1998). This transaction was specifically referenced in
the PSR's recommendation, and the supporting proof was
sufficiently weighty to trigger the enhancement. See id.; see
also United States v. Fox, 889 F.2d 357, 359 (1st Cir. 1989)
(holding that a court may accept the PSR facts as true and
accurate in the absence of objection). Any failure by the
court to expressly intone its adoption-by-reference of the
PSR's facts had no affect on defendant's "substantial rights,"
since the record on which the increase is based "speaks
eloquently for itself." United States v. Akitoy, 923 F.2d 221,
229 (1st Cir. 1991). 
 We also apprehend no "clear error" in the decision to
impose the mandatory two point increase under USSG 3C1.1,
since defendant admittedly provided the pretrial services
officer and the magistrate with a false name, false address and
false information about his place of birth and next of kin.
Defendant's argument that an "actual" obstruction of justice
was prevented by his attorney's later disclosure of the truth,
is beside the point, as the sentencing judge held. See United
States v. Restrepo, 53 F.3d 396 (1st Cir. 1995). 
 Defendant's fallback position that his falsehoods 
ultimately did not affect, or were not "material" to the
"sentencing decision," also is beside the point. The
falsehoods were material to the "issue under determination"
when defendant uttered them. See USSG 3C1.1 comment, n.5
(providing that a statement is "material" if it may influence
the issue "under determination"). Contrary to defendant's
argument, too, the hearing transcript shows that the court made
the necessary "findings" to support the enhancement. 
 The government's motion for summary disposition is
granted. The judgment is affirmed. See Loc. R. 27.1.