USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-1019

 UNITED STATES,

 Appellee,

 v.

 CARLOS GAGOT,
 a/k/a Pucho,
 a/k/a Jose Muniz,
 a/k/a Roberto Carlos Diaz,
 a/k/a Jose Miguel Perez,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge]

 Before

 Boudin, Circuit Judge,
 Campbell, Senior Circuit Judge,
 and Stahl, Circuit Judge.
 
 
 
 
 Jennifer A. Appleyard on brief for appellant.
 Donald K. Stern, United States Attorney, and Patrick M.
Hamilton, Assistant U.S. Attorney, on Motion for Summary
Disposition for appellee.

May 7, 1999

 Per Curiam. Defendant appeals a sentence imposed
 upon his guilty plea to a five count indictment charging him
 with conspiracy and attempt to possess cocaine with intent to
 distribute the drug. He claims that the court erred in
 imposing a two level role-in-the-offense increase under USSG 
 3B1.1(c), and a two level increase for obstruction of justice
 under USSG 3C1.1. The government has moved for a summary
 affirmance.
 Defendant did not object at sentencing to the
 enhancement under 3B1.1(c), despite notice that it was
 recommended in the probation services report ("PSR"), and the
 court's announced intention to impose it, so our review is for
 "plain error." See United States v. Olano, 507 U.S. 725
 (1993). There was no plain error. 
 The PSR contained detailed, clear and uncontradicted
 evidence that during one of the charged transactions defendant
 "superintend[ed] the activities of" at least one other person, 
 his pregnant teenage girlfriend. United States v. Cruz, 120
 F.3d 1, 2 (1st Cir. 1997) (en banc), cert. denied, 118 S. Ct.
 729 (1998). This transaction was specifically referenced in
 the PSR's recommendation, and the supporting proof was
 sufficiently weighty to trigger the enhancement. See id.; see
 also United States v. Fox, 889 F.2d 357, 359 (1st Cir. 1989)
 (holding that a court may accept the PSR facts as true and
 accurate in the absence of objection). Any failure by the
 court to expressly intone its adoption-by-reference of the
 PSR's facts had no affect on defendant's "substantial rights,"
 since the record on which the increase is based "speaks
 eloquently for itself." United States v. Akitoy, 923 F.2d 221,
 229 (1st Cir. 1991). 
 We also apprehend no "clear error" in the decision to
 impose the mandatory two point increase under USSG 3C1.1,
 since defendant admittedly provided the pretrial services
 officer and the magistrate with a false name, false address and
 false information about his place of birth and next of kin.
 Defendant's argument that an "actual" obstruction of justice
 was prevented by his attorney's later disclosure of the truth,
 is beside the point, as the sentencing judge held. See United
 States v. Restrepo, 53 F.3d 396 (1st Cir. 1995). 
 Defendant's fallback position that his falsehoods 
 ultimately did not affect, or were not "material" to the
 "sentencing decision," also is beside the point. The
 falsehoods were material to the "issue under determination"
 when defendant uttered them. See USSG 3C1.1 comment, n.5
 (providing that a statement is "material" if it may influence
 the issue "under determination"). Contrary to defendant's
 argument, too, the hearing transcript shows that the court made
 the necessary "findings" to support the enhancement. 
 The government's motion for summary disposition is
 granted. The judgment is affirmed. See Loc. R. 27.1.