**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4678

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONIO MARIN-COLON, a/k/a Amado
Marcial-Hernandez, a/k/a Miguel
Torres-Salinas, a/k/a Javier Salinas-Gonzales,
a/k/a Julio Colon,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, Senior District Judge. (1:06-cr-00013-WLO)

Submitted: January 3, 2007        Decided: January 31, 2007

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Marin-Colon appeals the sentence imposed by the district court following his guilty plea to two counts of illegal reentry by a convicted felon who had been previously deported, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). On appeal, Marin-Colon contends that the district court erred in determining that his inconsistent statements to the probation officer constituted obstruction of justice under U.S. Sentencing Guidelines Manual (USSG) § 3C1.1 (2005). Finding no error, we affirm.

Marin-Colon asserts that the inconsistent information he provided to the probation officer during the presentence interview was not "willful" or "material" under USSG § 3C1.1, and that the district court failed to differentiate between the falsity of the statements and their materiality. Marin-Colon contends that at all times during this case, he has identified himself by his true name, and that he never denied the use of the numerous aliases listed in the presentence report, thereby allowing for a "full account" of his criminal history.

Pursuant to USSG § 3C1.1, a two-level enhancement for obstruction of justice will be imposed if the defendant:

> willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct; or a closely related offense.

- 2 -

Conduct to which this adjustment applies includes "providing materially false information to a probation officer in respect to a presentence or other investigation for the court." USSG § 3C1.1, comment. (n.4(h)). "Material" information is further defined as "information that, if believed, would tend to influence or affect the issue under determination." USSG § 3C1.1, comment. (n.6). Whether information is material is a factual matter determined by the district court, and is subject to review by this court under the clearly erroneous standard of review. United States v. Hicks, 948 F.2d 877, 886 (4th Cir. 1991); see also United States v. Gormley, 201 F.3d 290, 294 (4th Cir. 2000) ("The threshold for materiality . . . is conspicuously low.") (internal quotation marks omitted).

While Marin-Colon contends that he has identified himself by his true name at all times during this case, the district court noted that his date of birth could not be established, and in light of the dozen different aliases previously used by Marin-Colon, there was still a question as to his actual identity. Additionally, when the information provided by Marin-Colon to the probation officer was compared with a presentence report from an earlier criminal trial, as well as with the pretrial report that was prepared after his arrest, there were conflicting statements regarding his date of birth, place of birth, the names and ages of his parents and siblings, and whether he was married or had

- 3 -

children. As a result, the probation officer concluded that the defendant's true identity, date of birth, family history, and marital status could not be determined.

A defendant's true identity is material to a presentence investigation, even if the false information provided does not affect the probation officer's recommendation. See United States v. Restrepo, 53 F.3d 396, 397 (1st Cir. 1995) (sufficient that misrepresentations had the potential to affect the investigation); see also United States v. Pereira-Munoz, 59 F.3d 788, 792 (8th Cir. 1995) (failure to provide truthful identity hampered preparation of the presentence report and precluded determination as to criminal history). Marin-Colon asserts that he has given his "true name" throughout the proceedings, but the probation officer could not verify this fact due to the numerous aliases and the inconsistent personal information provided by Marin-Colon. While it is possible that Marin-Colon did give his actual name, the false information provided to the probation officer hampered her investigation and her attempts to ensure that a complete and accurate presentence report was provided to the district court for sentencing.

Because Marin-Colon's true identity was a material fact in the probation officer's investigation, the false information that he provided had the potential to obstruct her efforts and therefore qualifies as materially false information under USSG

- 4 -

§ 3C1.1.  Additionally, we find that in light of the "extremely evasive" answers provided to the probation officer and Marin-Colon's concession at sentencing that the information provided was not accurate, these actions were also willful.  Therefore, we conclude that the district court properly enhanced Marin-Colon's sentence for obstructing justice.

Accordingly, we affirm Marin-Colon's sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED